JOURNAL ENTRY and OPINION
{¶ 1} Appellant Motorists Mutual Insurance Company ("Motorists") appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee Safeco Insurance Company of Illinois ("Safeco"), finding coverage was to be afforded under Motorists' policy of insurance. Safeco has filed a cross-appeal from the trial court's determination that liability was to be apportioned on a "pro rata" basis. For the reasons stated below, we reverse the decision of the trial court, enter judgment in favor of Motorists, and find the cross-appeal moot.
 {¶ 2} The following facts give rise to this appeal. On June 26, 1999, Elizabeth Heil was a passenger in a 1994 Toyota Camry that was owned and operated by Diane Sielski. The vehicle was struck by an underinsured motorist whose carrier, Allstate, tendered its policy limits of $25,000. Heil sought permission to accept the settlement without prejudicing the rights of any other insurance carrier and to pursue an underinsured motorist ("UIM") claim.
 {¶ 3} At the time of the accident, Heil was a named insured under an automobile insurance policy issued by Safeco. Safeco paid Heil $225,000 under the policy's uninsured/underinsured motorists ("UM/UIM") coverage. The amount included $25,000 that was covered by the underinsured driver's policy with Allstate, as well as $200,000 in UIM benefits under Heil's Safeco policy.
 {¶ 4} Also in effect at the time of the accident was an automobile liability policy issued to Diane Sielski, the named insured, by Motorists that specifically identified the Toyota Camry on the declarations page of the policy. The policy included UM/UIM coverage with a policy limit of $100,000 per person and $300,000 per accident. Motorists denied a claim made by Heil for UIM benefits under this policy on the basis that Heil was not an insured under the policy. We shall address the relevant policy language in our analysis below.
 {¶ 5} Safeco filed the instant action against Motorists for reimbursement of moneys paid in settlement of Heil's UIM claim. Safeco and Motorists stipulated to all pertinent facts and damages. The parties filed cross-motions for summary judgment. The trial court granted Safeco's motion and found that Heil was entitled to UIM benefits under the Motorists policy. The trial court also ruled that the policies were co-primary, and Motorists was to reimburse Safeco with its pro-rata share of the $200,000 plus interest at a statutory rate from July 29, 1999.
 {¶ 6} Both parties have appealed the trial court's ruling. This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 7} We also recognize that the interpretation of an automobile liability insurance policy presents a question of law that an appellate court reviews without deference to the trial court. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm,73 Ohio St.3d 107, 108, 1995-Ohio-214. When interpreting an automobile liability insurance policy, if the language used is clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. Cincinnati Indemn. Co. v. Martin,85 Ohio St.3d 604, 607, 1999-Ohio-322. A clear, unambiguous underinsured motorist coverage provision is valid and enforceable as long as the provision is not "* * * contrary to the coverage mandated by R.C. 3937.18(A)." Moore v. State Auto Ins. Co.,88 Ohio St.3d 27, 28-29, 2000-Ohio-264.
 {¶ 8} We shall begin by considering Motorists' assignment of error, which provides:
 {¶ 9} "The trial court committed reversible error by granting summary judgment in favor of plaintiff-appellee/cross-appellant Safeco Insurance Company of Illinois."
 {¶ 10} Motorists argues that Heil was not an insured entitled to UM/UIM coverage under its policy and therefore the trial court erred in granting summary judgment to Safeco. We agree.
 {¶ 11} The named insured under the Motorists policy is Diane Sielski, who was the driver and owner of the vehicle in which Heil was a passenger. The liability section of the policy defines an "insured" to include "any person while using your covered auto." However, the UM/UIM endorsement limits the definition of an insured to "any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage under another policy."
 {¶ 12} Safeco makes a rather unpersuasive argument that because Heil was defined as an insured under the liability portion of the policy, she qualifies for UM/UIM coverage by operation of law in the absence of a valid written rejection by the named insured. This argument is meritless.
 {¶ 13} There is no dispute that the policy includes UM/UIM coverage with limits of $100,000 per person and $300,000 per accident, which is equal to the amount of liability coverage. Under the applicable version of R.C. 3937.18(C), a named insured's proper selection of UM/UIM coverage is "binding on all other named insureds, insureds, or applicants." Further, pursuant to the Supreme Court of Ohio holding in Holliman v. AllstateIns. Co., 86 Ohio St.3d 414, 416-417, 1999-Ohio-116, "Nothing in R.C. 3937.18 * * * prohibits the parties to an insurance contract from defining who is an insured under the policy."
 {¶ 14} In rejecting a similar argument to the one made here, the court in Mitchell v. Motorists Mutual Ins. Co., Franklin App. No. 04AP-589, 2005-Ohio-3988, held that to apply the appellant's logic "would limit the parties' ability to define who is an insured for underinsured motorists coverage. * * * [N]othing in R.C. 3937.18, which governs permissible terms for underinsured/uninsured motorists coverage, restricts the parties' freedom to define who is and who is not an insured."
 {¶ 15} Indeed, R.C. 3937.18 does not mandate who must be an insured for purposes of UM/UIM coverage, and the parties to the insurance contract are free to draft and negotiate their own restrictions regarding who is and is not an insured for various coverage. Id. No public policy or statute prohibits this form of policy restriction. Id. To hold that UM/UIM coverage must be specifically offered and rejected with respect to passengers or other unnamed parties would contravene basic contract principles allowing parties to the contract to define the terms of the policy and to place restrictions on coverage. As stated inShepherd v. Scott, Hancock App. No. 5-02-22, 2002-Ohio-4417: "This interpretation would require that Motorists anticipate all the potential users of [the] vehicle and to then offer UM/UIM insurance accordingly. Such an interpretation * * * is unreasonable and unsupported by law."
 {¶ 16} Here, Diane Sielski's selection of UM/UIM coverage was binding on all insureds, and the contracting parties were free to limit the terms of the coverage and to whom the coverage would apply. See Holliman, 86 Ohio St.3d at 416-417.
 {¶ 17} Safeco also contends that the policy's definition of an "insured" for UM/UIM coverage is ambiguous and should be construed in favor of coverage. The policy definition of a UM/UIM insured includes: "2. Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage under another policy."
 {¶ 18} Safeco argues that this should be read to define an insured as any other person occupying your covered auto who (1) is not a named insured, or (2) is an insured family member for uninsured motorists coverage under another policy. In support of this argument, Safeco refers to the "last antecedent" grammatical rule that provides "`Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *.'" Indep. Ins. Agents v. Fabe (1992),63 Ohio St.3d 310, 314, quoting Carter v. Youngstown (1946),146 Ohio St. 203, 209. In considering the intention of the parties, we are mindful that insurance coverage is "determined by a `* * * reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.'" King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211, quotingDealers Dairy Products Co. v. Royal Ins. Co. (1960),170 Ohio St. 336, paragraph one of the syllabus.
 {¶ 19} We find that the interpretation suggested by Safeco is not a reasonable construction of the contract and appears contrary to the intention of the parties. As recognized inMitchell, supra: "Generally, insurance policies contain `other insurance' provisions that attempt to either vitiate or limit an insurer's liability for covering an insured's loss when another insurance policy also covers the insured." We find that a reasonable construction of the contract here is that the parties intended to exclude coverage for persons who had UM/UIM coverage under another insurance policy and were neither a named insured nor an insured family member under the Motorists policy.
 {¶ 20} Safeco also argues that to read the above limitation to exclude coverage to a passenger who has separate UM/UIM insurance would be to enforce a de facto "escape clause" and thwart public policy. An "escape clause" declares that the insurer is not liable to cover an insured if there is other valid and collectible insurance covering the risk. 15 Couch, Insurance (3 Ed. 2004), Section 219:36.
 {¶ 21} "Other insurance" clauses, including "escape" clauses, are not prohibited under Ohio law. They are a valid attempt to allocate liability between insurers. However, such a clause may be invalidated when, as applied, the clause operates to reduce the amount of UM/UIM coverage to which the insured is otherwise entitled. See Midwestern Indem. Co. v. Nationwide Mut. Ins.Cos. (Nov. 7, 1994), Clermont App. No. CA94-05-032; Curran v.Hardware Dealers Mut. Fire Ins. Co. (1971), 25 Ohio St.2d 33.
 {¶ 22} The public policy behind the uninsured motorist statute is to protect an injured motorist from losses suffered at the hands of an uninsured motorist that would otherwise go uncompensated. See Midwestern Idem. Co., supra; Clark v.Scarpelli, 91 Ohio St.3d 271, 276, 2001-Ohio-39; Martin v.Midwestern Group Ins. Co., 70 Ohio St.3d 478, 1994-Ohio-407, paragraph one of the syllabus.[1] Thus, in determining the validity of an exclusion of uninsured motorist coverage, a court must determine whether the exclusion conforms with R.C. 3937.18.Martin, 70 Ohio St.3d 478, at paragraph two of the syllabus. If the exclusion is in conflict with the statute's purpose, it is invalid and unenforceable. Id. at 480.
 {¶ 23} R.C. 3937.18 mandates uninsured motorist coverage where "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." Holliman, 86 Ohio St.3d 414, citingMartin, 70 Ohio St.3d at 481. As we previously indicated, nothing in R.C. 3937.18 prohibits the parties to an insurance contract from defining who is an insured under the policy.Holliman, 86 Ohio St.3d at 416-417. The courts in two similar cases, Shepard, supra, and Mitchell, supra, found that a passenger was not insured under a driver's policy because the passenger was excluded from the definition of an "insured."
 {¶ 24} Common sense would indicate that, in accordance with R.C. 3937.18, a person may obtain UM/UIM coverage under his own automobile policy for protection in the event he is hit by an uninsured or underinsured motorist. In addition, there is nothing that would prohibit that person from excluding as an insured any passengers in his vehicle who have their own policies of insurance containing UM/UIM coverage.
 {¶ 25} In the instant matter, the Motorists policy excludes Heil from the definition of an insured for UM/UIM coverage because she had UM/UIM coverage under another policy. Heil was the named insured under the Safeco policy. In compliance with R.C. 3937.18, Safeco provided its insured with UM/UIM coverage. We find that the Motorists policy neither violates the purpose nor the language of R.C. 3937.18 and that Heil is not an insured for purposes of UM/UIM coverage under the Motorists policy.
 {¶ 26} Safeco's assignment of error is overruled. We reverse the decision of the trial court, enter judgment in favor of Motorists, and find the cross-appeal is moot.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., concurs;
 Karpinski, J., Dissents. (see Separate Dissenting Opinion.)
[1] Martin was superseded by amendments to R.C. 3937.18, but the basic premises from Martin cited herein remain unchanged. See Roberts v. Wausau Business Ins. Co., 149 Ohio App.3d 612,2002-Ohio-4734.
 DISSENTING OPINION