WOHL ET AL.; SLATTERY, APPELLEE, *v.* SWINNEY ET AL.; MOTORISTS
MUTUAL INSURANCE COMPANY, APPELLANT; AMERICAN STATES
INSURANCE COMPANY, APPELLEE.

[Cite as *Wohl v. Swinney,* 118 Ohio St.3d 277, 2008-Ohio-2334.]

(No. 2007–0593—Submitted February 27, 2008—Decided May 20, 2008.)

LANZINGER, J.

{¶ 1} This certified conflict from the Twelfth District Court of Appeals asks us to decide whether an insurance policy definition is ambiguous and thus properly construed against the insurer. The term "insured" is defined as including "[a]ny other person occupying your covered auto who is not a named insured or insured family member for uninsured motorists coverage under another policy." We hold that this definition of "insured" is not ambiguous.

Case History

{¶ 2} This case arises out of a claim for uninsured/underinsured motorist ("UM") coverage for personal injuries resulting from an automobile accident. Appellee James Slattery and Linda Wohl were struck by a vehicle driven by Tyler Swinney. When the accident occurred, Slattery was driving Wohl's car, in which she was a passenger.

{¶ 3} All parties involved were insured. Swinney was insured by Progressive Insurance Company, with a policy limit of $500,000 in liability coverage. Wohl had insurance with appellant Motorists Mutual Insurance Company ("Motorists"), with UM limits of $250,000 per person and $500,000 per accident. Slattery had automobile insurance through appellee American States Insurance Company, with UM limits of $12,500 per person and $25,000 per accident.

{¶ 4} Progressive, the tortfeasor's insurer, offered its policy limit of $500,000 to settle Wohl's and Slattery's claims. Wohl and Slattery agreed to allocate Progressive's payment so that Wohl received $499,999 and Slattery received $1. Because he received only $1 of the settlement, Slattery also instituted a claim against Motorists, the company insuring Wohl's vehicle, for UM coverage. Motorists denied Slattery's claim, arguing that he was not considered "an insured" for UM coverage under Wohl's Motorists policy.

{¶ 5} Motorists, American States, and Slattery filed motions for summary judgment. The trial court granted American States' and Slattery's motions, ruling that R.C. 3937.18 as amended by 2001 Am.Sub.S.B. No. 97, effective October 31, 2001, required Motorists to cover Slattery as an insured for UM coverage under Wohl's policy. Motorists appealed, and the Twelfth District Court of Appeals affirmed. The court of appeals did not rely on the trial court's reasoning, but instead held that for the purposes of UM coverage, the definition of "insured" in Motorists policy was ambiguous and should be strictly construed against the insurer.

{¶ 6} The Twelfth District granted Motorists' motion to certify a conflict with the Eighth District Court of Appeals' decision in *Safeco Ins. Co. of Illinois v. Motorists Mut. Ins. Co.*, 8th Dist. No. 86124, 2006-Ohio-2063, 2006 WL 1109770. The question certified is "Whether the definition of 'insured' as 'any other person occupying your covered auto who is not a named insured or insured family member for uninsured motorist's coverage under another policy' is ambiguous and should be construed against the insurer to provide coverage for a permissive operator of a covered vehicle who is not a named insured or insured family member." We recognized the conflict but declined to accept jurisdiction over Motorists' separate appeal of the trial court's interpretation of R.C. 3937.18.

Analysis

{¶ 7} At issue in this case is the UM endorsement included as part of Motorists' insurance policy, which, like the one in *Safeco*, defines "insured" for the purposes of UM coverage to mean:

{¶ 8} "1. You or any **family member**.

{¶ 9} "2. Any other person **occupying your covered auto** who is not a named insured or an insured **family member** for uninsured motorists coverage under another policy."

{¶ 10} The Twelfth District held that this definition was ambiguous, being reasonably subject to two different interpretations. The court stated that it was unclear what the phrase "for uninsured motorists coverage under another policy" referred to. Relying in part on the dissent in *Safeco*, the court of appeals determined that this phrase could modify "an insured family member" or "a named insured." The court of appeals held: " 'It is quite clear that the qualifying prepositional phrase at the end of the policy sentence above modifies what immediately precedes it. It is not clear, however, that the qualifying tail reaches over and modifies what is on the other side of the "or." ' " *Wohl v. Swinney*, 12th District No. CA2006–05–123, 2007-Ohio-592, 2007 WL 438255, at ¶ 20, quoting *Safeco* at ¶ 31 (Karpinski, J., dissenting).

{¶ 11} Unlike the dissent upon which the Twelfth District relied, the majority in *Safeco* did not discover any ambiguity in the definition of insured in Motorists' UM endorsement. The *Safeco* majority had held that the interpretation advanced by the dissent was "not a reasonable construction of the contract and appears contrary to the intention of the parties." 2006-Ohio-2063, at ¶ 19. The Eighth District therefore rejected any suggestion that the definition of "insured" was ambiguous and held that phrase "for uninsured motorists coverage under another policy" applied *both* to "an insured family member" and "a named insured."

{¶ 12} Slattery and American States, appellees, urge us to adopt the reasoning of the Twelfth District and the dissent in *Safeco* and hold that the definition of insured found in Motorists' UM endorsement is ambiguous. Their argument rests in part on the "last-antecedent rule." This rule of construction states, " '[R]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *.' " *Indep. Ins. Agents of Ohio v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, quoting *Carter v. Youngstown* (1946), 146 Ohio St. 203, 209, 32 O.O. 184, 65 N.E.2d 63. Appellees contend that the phrase "for uninsured motorists coverage under another policy" must be interpreted to modify only "an insured family member" and not any other portion of the definition of an insured.

{¶ 13} However, in relying on the last-antecedent rule, appellees overlook the fact that the rule applies only when no contrary intention otherwise appears. Thus, if there is contrary evidence that demonstrates that a qualifying phrase was intended to apply to more than the term immediately preceding it, we will not apply the last-antecedent rule so as to contravene that intent. Before applying the last-antecedent rule, we must therefore examine the contract as a whole to determine whether any contrary intent appears. See *Westfield Ins. Co. v. Galatis* (2003), 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11 ("When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." [Citations omitted] ).

{¶ 14} When the Motorists policy in this case is viewed as a whole, it becomes clear that the intention of the parties was to narrowly define "insured" for UM coverage. The term "insured" is defined three separate times in the Motorist policy: it is defined in the contested UM section; it is also defined in the policy's liability and medical payment sections. In both the liability and medical payment sections, the term "insured" is given a broad meaning. In the liability section, "insured" is defined to include the following:

{¶ 15} "1. You or any **family member** * * *.

{¶ 16} "2. Any person using **your covered auto**."

{¶ 17} The definition in the medical payment section is similar and states that "insured" means:

{¶ 18} "1. You or any **family member**

{¶ 19} " * * *

{¶ 20} "2. Any other person while **occupying your covered auto**."

{¶ 21} These two broad definitions stand in contrast to the more limited definition of "insured" found in the UM section. The UM section is the only one that further restricts the category of persons occupying or using a covered auto. Interpreting the UM definition as appellees would have us do renders the language difference virtually meaningless. If the phrase "for uninsured motorists coverage under another policy" does not apply to "a named insured," then the definition would not substantially differ from the definitions in the policy sections covering liability and medical payments, which define "insured" as including any other person either using or occupying a covered auto. Such an interpretation would also render superfluous the words "who is not a named insured," since the term "other" already indicates that this portion of the definition applies to someone else rather than the named insured or a family member.

{¶ 22} When interpreting a contract, we will presume that words are used for a specific purpose and will avoid interpretations that render portions meaningless or unnecessary. See *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50, quoting *Farmers' Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 94 N.E. 834, paragraph six of the syllabus. Appellees' interpretation would render meaningless portions of the contract and require an internally inconsistent interpretation. We decline to hold that the language is ambiguous.

## Conclusion

{¶ 23} When the insurance policy at issue here is viewed as a whole, it becomes clear that the definition of insured in the UM portion of the policy is intended to narrowly define who is considered an insured under that section. Because we find the definition of insured under the UM endorsement to be clear and unambiguous, we need not rely on the last-antecedent rule to aid in our interpretation. To rely on the rule would only confuse the issue by creating ambiguity where none exists.

{¶ 24} We therefore reverse the decision of the court of appeals and hold that the phrase "for uninsured motorists coverage under another policy" is unambiguous and applies to "a named insured" as well as "an insured family member." As someone else who was occupying the covered auto but who was a named insured

for uninsured motorist coverage under another policy (his own), Slattery was not an insured for UM coverage under Wohl's Motorists policy.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 25} The majority opinion ignores the boldface terms in the policy language at issue. Those boldface words have specific definitions within the policy. The policy's definition of "family member" turns the majority's interpretation of the policy on its head.

{¶ 26} The policy language at issue includes as an "insured" for underinsured motorist coverage:

{¶ 27} "1. You or any **family member**.

{¶ 28} "2. Any other person **occupying your covered auto** who is not a named insured or an insured **family member** for uninsured motorists coverage under another policy."

{¶ 29} "Family member," as a boldface term, has a specific definition for use within the policy. That definition reads:

{¶ 30} " 'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household."

{¶ 31} Pursuant to the majority's interpretation of the policy, Slattery would be insured under Wohl's policy as long as another UM policy did not include him as a named insured or as an insured family member. But that interpretation does not hold up under the definitional portion of the policy.

{¶ 32} By definition, a "family member" is a member of *Wohl's* family. Thus, only *Wohl's* family members who are insured for UM coverage under another policy are excluded from UM coverage under Wohl's Motorists policy.

{¶ 33} So, the provision effectively defines "insured" as including:

{¶ 34} "Any other person **occupying your covered auto** who is not a named insured or an insured member of the Wohl family for uninsured motorists coverage under another policy."

{¶ 35} Given the specificity of the definition of "family member," the last-antecedent rule becomes even more powerful in this case. The last-antecedent

rule states that " 'referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *.' " *Indep. Ins. Agents of Ohio v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, quoting *Carter v. Youngstown* (1946), 146 Ohio St. 203, 209, 32 O.O. 184, 65 N.E.2d 63. A corollary to that rule is that "the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one." *In re Sehome Park Care Ctr., Inc.* (1995), 127 Wash.2d 774, 781–782, 903 P.2d 443.

{¶ 36} The qualifying phrase at issue here is "for uninsured motorists coverage under another policy." The majority would have it modify not just "family member," the last antecedent, but also "named insured." First, there is no comma before the phrase "for uninsured motorists coverage under another policy" to indicate that it applies to both "named insured" and "family member." Second, the majority assumes that "named insured" and "family member" are of the same generalizing character. They are not. "Family member" is a personal-ized, definitive set of people, members of the Wohl family, already recognized in other parts of the policy; "named insured," under the majority's interpretation, covers a limitless number of unknown potential occupants of the vehicle. This is not an instance of like things being covered by the same qualifying phrase. The majority's interpretation of "named insured" and the policy's definition of "family member" are of dissimilar character. Thus, the sentence, in context, yields no reason not to apply the last-antecedent rule. There is no grammatical or logical reason to believe that "for uninsured motorists coverage under another policy" modifies both "named insured" and "family member."

{¶ 37} We can also look to the rest of the policy for context. Elsewhere in the policy, the term "family member" operates as a limiter of coverage. For UM coverage, for instance, "uninsured motor vehicle" does not include any vehicle owned or operated by a family member. Thus, an insured cannot recover under UM coverage if the accident involves an uninsured automobile driven by a family member. Motorists sees the familial relationship as a reason to draw distinc-tions.

{¶ 38} Also, the majority's interpretation leaves the holder of the policy without knowledge of who actually is covered by UM coverage when riding in the policy holder's vehicle. The extent of a passenger's UM coverage under the passenger's own policy is unknown to Motorists' insured. However, a Motorists insured *is* aware of any other coverage a member of his own family might have.

{¶ 39} Finally, the rest of the policy establishes that passengers are insured for liability coverage and for medical payment. The policy clearly indicates a breadth of coverage beyond the vehicle's owner, and the UM coverage does not clearly veer from that breadth of coverage.

{¶ 40} The only interpretation of the policy language, given our rules of construction and the policy's own definitional rules, is that paragraph 2 of the definition of "insured" excludes from "any other person occupying your covered auto" (1) the named insured, Wohl, and (2) Wohl family members who are insured under other UM policies. Slattery fits under neither exclusion.

{¶ 41} Since Wohl and her family members are already included under the first paragraph defining an insured for purposes of UM coverage as "[y]ou or any family member," the limiting language of the second paragraph is without practical effect. But there is no other way to interpret the policy without ignoring the contract term "family member."

{¶ 42} Our language has rules, and our courts have rules to interpret language. Motorists urges us to forget those rules and to remember their own first rule of insurance contract interpretation: coverage denied. The majority accepts that rule and applies it here.

_____

James J. Slattery Jr., pro se; and John H. Burlew, for appellee James J. Slattery.

Freund, Freeze & Arnold, and T. Andrew Vollmar, for appellant, Motorists Mutual Insurance Company.

Jenks, Pyper & Oxley Co., L.P.A., P. Christian Nordstrom, and Scott G. Oxley, for appellee American States Insurance Company.

Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., and James R. Gallagher, urging reversal for amicus curiae, State Farm Mutual Automobile Insurance Company.