[Cite as *Evans v. Avon*, 2016-Ohio-5460.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| JACOB EVANS | C.A. No.     15CA010879 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AVON, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellants | CASE No.     15-CV-185348 |

DECISION AND JOURNAL ENTRY

Dated: August 22, 2016

SCHAFER, Judge.

{¶1}   Defendants-Appellants, the City of Avon ("Avon") and William Logan, appeal the judgment of the Lorain County Court of Common Pleas declaring Ordinance 113-14 to be illegal and granting Plaintiff-Appellee, Jacob Evans', motion for injunctive relief. For the reasons set forth below, we affirm.

I.

{¶2}   This appeal concerns the legality of Ordinance 113-14, which Avon adopted on October 15, 2014.

{¶3}   In 1967, the General Assembly enacted former R.C. 5739.02(C)[1] (the "1967 Law"), which permitted municipalities and townships to levy up to a 3% excise tax on lodging. Subsequently, in 1979, the General Assembly enacted former R.C. 5739.024[2] (the "1980 Law"), which permitted counties to enact a permissive excise tax of up to 3% on lodging. *See* R.C.

---

[1] Former R.C. 5739.02(C) has since been renumbered as R.C. 5739.08.

[2] Former R.C. 5739.024 has since been renumbered as R.C. 5739.09.

5739.09; former R.C. 5739.024(A). The 1980 Law provided counties with an exclusive six-month window to enact the lodging tax from January 1, 1980, to July 1, 1980. *See* Former R.C. 5739.024(A). If a county failed to enact such a tax by July 1, 1980, the 1980 Law permitted municipalities and townships to enact up to a 3% lodging tax of their own.[3] Former R.C. 5739.024(B). However, counties were still permitted to enact a lodging tax after July 1, 1980, *but only if* no municipality or township that is wholly or partially located within that county had yet enacted its own lodging tax pursuant to the 1980 Law. *See* former R.C. 5739.024(A). The 1980 Law did not affect the ability of municipalities and townships to enact an initial lodging tax under the 1967 Law. Former R.C. 5739.02(C)(2).

{¶4} On April 29, 1983, Lorain County adopted Resolution 83-429, which implemented a 3% lodging tax pursuant to the 1980 Law. Although Lorain County adopted Resolution 83-429 outside of the six-month window provided under the 1980 Law, no municipality or township within Lorain County had yet adopted its own lodging tax under the 1980 Law. Resolution 83-429 remains in effect to the present day.

{¶5} On June 28, 1999, Avon adopted Ordinance 108-99, which was codified in A.C.O. § 886.03. Specifically, A.C.O. § 886.03 levies a 3% excise tax on all hotel and motel lodging within Avon and its legality is not disputed. However, in 2014, Avon adopted Ordinance 113-14, the ordinance at issue in this matter. Ordinance 113-14 amended A.C.O. § 886.03 by levying a 3% excise tax on lodging pursuant to the 1980 Law (R.C. 5739.09(B)), which is in addition to the 3% lodging tax that Avon had previously enacted pursuant to the 1967 Law.

---

[3] This tax is in addition to any lodging tax that the municipality or township may have already enacted pursuant to the 1967 Law.

{¶6} On January 7, 2015, Evans[4] filed the present lawsuit in the Lorain County Court of Common Pleas against Avon and the city's finance director, William Logan. In his complaint, Evans asserts that the additional 3% lodging tax contained in Ordinance 113-14 is illegal as violative of R.C. 5739.09(B)(1), a subsection of the 1980 Law. Evans' complaint sought a declaratory judgment stating that the additional 3% lodging tax contained in Ordinance 113-14 is unlawful and may not be collected by Avon. Evans also sought a preliminary and permanent injunction enjoining Avon or the city's agents from collecting the tax imposed by Ordinance 113-14. Appellees' answer denies that Ordinance 113-14 is illegal. Appellees also filed an opposition brief to Evans' motion for injunctive relief.

{¶7} On July 8, 2015, the trial court held a hearing on Evans' motions for declaratory and injunctive relief, in addition to several other pending motions. On September 29, 2015, the trial court issued a judgment entry finding that Ordinance 113-14 "conflicts with R.C. 5739.09(A)(1)/(B)(1)." Thus, the trial court declared Ordinance 113-14 to be illegal and granted Evans' motion for a preliminary and permanent injunction, thus prohibiting Avon or Avon's agents from enforcing the additional 3% lodging tax under said ordinance. The trial court subsequently stayed its decision granting the permanent injunction pending the resolution of the appellate process.

{¶8} Avon filed this timely appeal and raises one assignment of error for this Court's review.

---

[4] Evans is the vice president and general counsel of the Craig Group, which represents the Ohio Association of Convention and Visitors Bureaus. Per the filing of his complaint, Evans planned to spend one or more nights in a hotel located within Avon, Ohio.

II.

### Assignment of Error

**The trial court erred in finding that the City of Avon's additional 3% lodging tax to fund a newly established Visitors Bureau is illegal and may not be collected by the City of Avon or by [the] Finance Director [], or by any applicable representative of the city.**

{¶9}    In its sole assignment of error, Appellees argue that the trial court erred both by finding that the additional 3% lodging tax contained in Ordinance 113-14 violates R.C. 5739.09(B)(1) and by granting Evans' motion for injunctive relief.   Appellees advance two arguments in support of their assignment of error.  First, Appellees argue that the plain language of the statute permits Avon to levy the addition 3% lodging tax.  Secondly, Appellees argue that Avon's additional 3% lodging tax is a lawful exercise of its Home Rule authority.  We disagree on both points.

### A.  Avon's Statutory Construction Argument

{¶10}  R.C. 5739.09(B)(1) provides in pertinent part:

The legislative authority of a municipal corporation or the board of trustees of a township *that is not wholly or partly located in a county that has in effect a resolution levying an excise tax pursuant to division (A)(1) of this section* may, by ordinance or resolution, levy an excise tax not to exceed three per cent on transactions by which lodging by a hotel is or is to be furnished to transient guests.

(Emphasis added).  The parties dispute how this statute is to be interpreted.  Specifically, the parties dispute which antecedent(s) is/are modified by the qualifying phrase "that is not wholly or partly located in a county that has in effect a resolution levying an excise tax pursuant to division (A)(1) of this section."  Avon asks this Court to apply "the last-antecedent rule" of construction and determine that this disputed phrase solely qualifies the word "township."  Such an interpretation would mean that municipal corporations, such as Avon, are permitted to levy an

additional lodging tax under the 1980 Law regardless of whether the county in which that municipality is wholly or partially located has previously adopted such a tax pursuant to the same law. On the other hand, Evans argues that the phrase in question qualifies all antecedents, which in this statute includes both municipal corporations and townships. Evans' interpretation would mean that municipal corporations and townships are both foreclosed from levying an additional lodging tax under the 1980 Law once the county properly enacts such a tax under the 1980 Law.

{¶11} "Issues of statutory interpretation present a question of law; thus, we do not give deference to the trial court's determination in such matters." *State v. Cruise*, 185 Ohio App.3d 230, 2009–Ohio–6795, ¶ 5 (9th Dist.), citing *Donnelly v. Kashnier*, 9th Dist. Medina No. 02CA0051–M, 2003–Ohio–639, ¶ 26, citing *State v. Wheeling Lake Erie Ry. Co.*, 9th Dist. Medina No. 3214–M, 2002 WL 389056, *3 (Mar. 13, 2002). "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Id.*, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002–Ohio–6718, ¶ 14. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." *Id.*, quoting *State v. Hairston*, 101 Ohio St.3d 308, 2004–Ohio–969, ¶ 13.

{¶12} Pursuant to R.C. 1.42, words and phrases shall be read in context and construed according to the rules of grammar and common usage. "The 'last antecedent' rule of grammar provides that referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." *State v. Marshall*, 8th Dist. Cuyahoga No. 100736, 2015-Ohio-2511, *9, citing *Safeco Ins. Co. v. Motorists Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 86124,

2006-Ohio-2063, ¶ 18. "Thus, if there is contrary evidence that demonstrates that a qualifying phrase was intended to apply to more than the term immediately preceding it, we will not apply the last-antecedent rule so as to contravene that intent." *Wohl v. Swinney*, 118 Ohio St.3d 277, 2008-Ohio-2334, ¶ 13 (holding that the last-antecedent rule did not apply since the definition of "insured" within the uninsured motorist portion of an insurance policy was clear and unambiguous).

{¶13} Here, after careful consideration, we determine that the qualifying phrase at issue in R.C. 5739.09(B)(1) applies to *both* townships *and* corporate municipalities. As such, we determine that the additional 3% lodging tax contained in Avon Ordinance 113-14 violates R.C. 5739.09(B)(1). We reach this conclusion by considering R.C. 5739.09 in its entirety. Reading both R.C. 5739.09(A)(1) and (B)(1) together, it is clear that the General Assembly established a statutory scheme intent on avoiding double taxation. 2013 Ohio Atty.Gen.Ops. No. 2013-010, at *3. "That is, each transaction by which lodging is furnished to a transient guest is to be taxed no more than once under R.C. 5739.09(A)(1) and (B)(1)." *Id*. Thus, a transient guest in a municipal corporation or township will never be subject to a lodging tax under both divisions (A)(1) and (B)(1) of the statute. *See id*.

{¶14} Avon argues that the qualifying phrase at issue refers solely to townships, but not to municipal corporations. Such an interpretation would permit municipal corporations, such as Avon, to levy an additional lodging tax under R.C. 5739.09(A)(1) without regard to whether the county has already levied such a tax under R.C. 5739.09. However, provided the aforementioned statutory scheme, Avon's interpretation of R.C. 5739.09(B)(1) must be rejected. If adopted, Avon's interpretation would allow corporate municipalities and counties to *both* tax

transient guests under the 1980 Law, thus frustrating the clear and orderly scheme contemplated by the General Assembly.

{¶15} Avon also argues that its interpretation of R.C. 5739.09(B)(1) makes sense provided the numerous ways in which the Ohio Revised Code differentiates between corporate municipalities and townships. While Avon is correct that the Revised Code often distinguishes between corporate municipalities and townships, Avon has failed to explain, and we fail to see, anything within R.C. 5739.09 indicating that the legislature sought to treat corporate municipalities and townships differently for purposes of levying a lodging tax under the 1980 Law.

{¶16} Lastly, the statute's legislative history and stated purpose lead us to the same conclusion that Avon's interpretation of R.C. 5739.09(B)(1) is misplaced. When H.B. 355 was enacted in 1979, the preamble stated that R.C. 5739.024 (the predecessor statute to R.C. 5739.09) was being enacted, in part, to "permit *either* the county *or* municipalities and townships in the county to levy an excise tax not to exceed three per cent on lodging furnished to transient guests * * *." (Emphasis added). Am.Sub. H.B. No. 355, 138 Ohio Laws, Part II, 2612. *See also* Legislative Summary of Enactment of Am.Sub.H.B. No. 355 (as reported by S. Ways and Means) ("Just as a municipality or township would be prohibited from levying the additional tax if the county in which it is located already has the tax in effect, on or after July 1, 1980, a county would be prohibited from levying the tax if any municipality or township in the county already has the additional tax in place."). Thus, the General Assembly intended for only one political entity to levy a lodging tax under the 1980 Law. Because evidence exists demonstrating that the qualifying phrase within R.C. 5739.09(B)(1) is intended to apply to more than the term

immediately preceding it, we need not apply the last-antecedent rule so as to contravene that intent. *See Wohl*, 118 Ohio St.3d 277, 2008-Ohio-2334, at ¶ 13.

## B. Avon's Home Rule Argument

{¶17} Avon argues in the alternative that the additional 3% lodging tax contained in Ordinance 113-14 is a lawful exercise of its authority under the Ohio Constitution's Home Rule Amendment.

{¶18} Section 3, Article XVIII of the Ohio Constitution, the Home Rule Amendment, provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and similar regulations, as are not in conflict with general laws." "[T]he grant of authority to exercise all powers of local government includes the power of taxation." *Cincinnati Bell Tel. Co. v. Cincinnati*, 81 Ohio St.3d 599, 602 (1998), quoting *State ex rel. Zielonka v. Carrel*, 99 Ohio St. 220, 227 (1919). However, while municipal governments have plenary taxing power, the General Assembly has the authority to impose specific limits on that power. *Cincinnati Bell* at 602; *see also Gesler v. Worthington Income Tax Bd. of Appeals*, 138 Ohio St.3d 76, 2013-Ohio-4986, ¶ 17, 21. Moreover, the Supreme Court of Ohio has held that "the state's power to preempt must be exercised by express provision" and that preemption will not be implied "merely by virtue of the state's entering a particular area of taxation itself." *Panther II Transp., Inc. v. Seville Bd. of Income Tax Rev.,* 138 Ohio St.3d 495, 2014-Ohio-1011, ¶ 11, citing *Cincinnati Bell* at 605.

{¶19} Here, we determine that R.C. 5739.09 explicitly preempts Ordinance 113-14. As discussed earlier in this opinion, R.C. 5739.09's statutory scheme operates in such a manner that makes it impossible for Avon and Lorain County to both levy a lodging tax under the 1980 Law.

Specifically, R.C. 5739.09(B)(1) states that a municipal corporation or township may only levy a lodging tax under R.C. 5739.09 if that respective corporate municipality or township "is not wholly or partly located in a county that has in effect a resolution levying an excise tax pursuant to [R.C. 5739.09(A)(1)] * * *." It is undisputed that Lorain County properly enacted a lodging tax under R.C. 5739.09 in 1983. As such, Ordinance 113-14 must give way to the clear dictates of R.C. 5739.09, which expressly prohibits corporate municipalities like Avon from implementing an additional lodging tax under the 1980 Law. Thus, because the General Assembly has forbidden corporate municipalities and townships from levying a lodging tax under the 1980 Law once the county has already done so, we determine that Ordinance 113-14 was not a lawful exercise of Avon's Home Rule authority.

### C. Summation

{¶20} For the reasons articulated within this opinion, we conclude that the additional excise tax contained in Avon's Ordinance 113-14 is illegal as violative of R.C. 5739.09(B)(1). We further conclude that Ordinance 113-14 is not a lawful exercise of Avon's Home Rule authority. As such, we determine that the trial court did not err by finding that the additional lodging tax contained in Ordinance 113-14 is illegal and by granting Evans' motion for injunctive relief.

{¶21} Accordingly, Avon's assignment of error is overruled.

III.

{¶22} With Avon's sole assignment of error having been overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN A. GASIOR, Law Director, and ANTHONY F. STRINGER, Assistant Law Director, for Appellants.

FELIX C. WADE, JEREMY M. GRAYEM, and DANIEL M. ANDERSON, Attorneys at Law, for Appellee.