[Cite as *Gahanna v. Ohio Mun. Joint Self-Ins. Pool*, 2021-Ohio-445.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Gahanna, :

    Plaintiff-Appellant, : No. 20AP-265
(C.P.C. No. 19CV-693)

v. :

                                          (REGULAR CALENDAR)

Ohio Municipal Joint Self-Insurance Pool, :

    Defendant-Appellee. :

---

D E C I S I O N

Rendered on February 18, 2021

---

**On brief:** *Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., Paul W. Leithart, II,* and *Joel Campbell*, for appellant. **Argued:** *Paul W. Leithart, II.*

**On brief:** *Weston Hurd LLP,* and *W. Charles Curley*, for appellee. **Argued:** *W. Charles Curley.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, City of Gahanna ("Gahanna"), appeals from a judgment of the Franklin County Court of Common Pleas denying its summary judgment motion and granting the summary judgment motion of defendant-appellee, Ohio Municipal Joint Self-Insurance Pool ("OMJSP"). For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} Gahanna is a municipal corporation located in Franklin County. OMJSP is a joint self-insurance pool created pursuant to R.C. 2744.081 for the purpose of permitting Ohio municipalities to form a self-insurance pool to provide coverage for the payment of judgments, settlement of claims, expenses, losses, and damages that arise from acts or omissions of its member political subdivisions and their employees.

{¶ 3}   In July 2012, Douglas and Patty LaBorde filed a class action in the Franklin County Court of Common Pleas against Gahanna, the Regional Income Tax Agency ("RITA") (Gahanna's tax administrator), and Jennifer Teal, who was named as a defendant in both her individual capacity and as the Finance Director for Gahanna (the "LaBorde litigation").  The plaintiffs, asserting state and federal claims, alleged the defendants required the use of a tax form that resulted in the overpayment of municipal taxes by Gahanna residents for tax years 2008 to 2011.  At all relevant times, Gahanna was a member of and qualified for insurance coverage through OMJSP.  Pursuant to the insurance contract at issue in this case ("the policy"), Gahanna timely notified OMJSP of the LaBorde litigation, and OMJSP provided the defense for Gahanna with a reservation of rights.  Gahanna claimed coverage for the policy limit of $5 million.  OMJSP advised Gahanna of its position that, based on an exclusion clause in the policy, any award for the damages alleged in the LaBorde litigation would not be covered.  The LaBorde litigation was removed to federal court, which dismissed the federal claims and remanded the state law claims to the Franklin County Court of Common Pleas in May 2013.

{¶ 4}   The LaBorde litigation proceeded to a bench trial in February 2018.  After holding the bench trial, the trial court concluded that "the amount owed to Plaintiffs for the overpayment of taxes as a result of the misapplication of Gahanna City Code § 161.18(a) is $10,835,435.03." (Ex. J at 10, attached to Feb. 11, 2020 Stipulations of Fact.)  Ultimately, the LaBorde litigation settled for $9.5 million, with Gahanna paying $9.1 million and RITA paying $400,000.  OMJSP refused to indemnify Gahanna for its payment to settle the case.

{¶ 5}   In January 2019, Gahanna initiated this action against OMJSP, seeking recovery for the policy coverage limit of $5 million.  In February 2020, both parties moved for summary judgment.  In April 2020, the trial court denied Gahanna's summary judgment motion and granted OMJSP's summary judgment motion, based on its finding that a policy exclusion barred coverage for the claim.

{¶ 6}   Gahanna timely appeals.

## II.  Assignment of Error

{¶ 7}   Gahanna assigns the following error for our review:

> The trial court erred when it overruled the Motion for Summary Judgment filed by Appellant/Plaintiff City of

Gahanna and granted the Motion for Summary Judgment filed by Appellee/Defendant Ohio Municipal Joint Self-Insurance Pool.

## III. Discussion

{¶ 8} In its sole assignment of error, Gahanna alleges the trial court erred in denying its motion for summary judgment and granting OMJSP's motion for summary judgment. This assignment of error lacks merit.

{¶ 9} An appellate court reviews the granting of summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 11} A court's determination as to the meaning of a written contract is also a question of law subject to de novo review on appeal. *State v. Fed. Ins. Co.*, 10th Dist. No. 04AP-1350, 2005-Ohio-6807, ¶ 22, citing *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d

574, 576 (1998). An insurance policy is a contract between the insurer and the insured. *Helfrich v. Allstate Ins. Co.*, 10th Dist. No. 12AP-559, 2013-Ohio-4335, ¶ 9. Thus, courts interpret insurance policies in accordance with the same rules applied in interpreting other types of contracts. *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665 (1992).

{¶ 12} The purpose of contract construction is to realize and give effect to the parties' intent. *Skivolocki v. E. Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus. The court must read words and phrases in context and apply the rules of grammar and common usage. *Keller v. Foster Wheel Energy Corp.*, 163 Ohio App.3d 325, 2005-Ohio-4821, ¶ 14 (10th Dist.). Thus, "[c]ommon words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus. And "[w]hen provisions of an insurance policy are reasonably susceptible to more than one interpretation, we must construe them strictly against the insurer" and "adopt any reasonable construction that results in coverage for the insured." *State Farm Mut. Auto Ins. Co. v. Gourley*, 10th Dist. No. 12AP-200, 2012-Ohio-4909, ¶ 12, citing *Faruque v. Provident Life & Acc. Ins. Co.*, 31 Ohio St.3d 34, 38 (1987), and *Emps. Reinsurance Corp. v. Worthington Custom Plastics, Inc.*, 109 Ohio App.3d 550, 558-59 (10th Dist.1996).

{¶ 13} Resolution of this appeal centers on the meaning and applicability of a certain coverage exclusion in the policy. "Coverage C" of the policy, which addresses "public officials liability coverage," states: "We will pay on behalf of the Covered Party all monetary Damages which the Participant shall be legally obligated to pay for any civil Claim or Claims first made against if [sic] during the Coverage Period because of a Wrongful Act first committed on or after the Retroactive Date shown on the Declaration." (Ex. B, attached to Jan. 24 2019 Compl.) The coverage limit under the policy is $5 million. The parties agree that any coverage for Gahanna under the policy in connection with the LaBorde litigation would be pursuant to Coverage C, which contains numerous exclusions. The exclusion at

issue here, set forth in section (C)(3)(b)(2) of the policy, states that coverage does not apply to any claim or suit for damages for "[t]he refund of taxes, assessments, fees or charges as a result of an improper or illegal levy, tax, imposition, assessment or valuation of property." (Ex. B, attached to Jan. 24 2019 Compl.)

{¶ 14} In the LaBorde litigation, the plaintiffs alleged they overpaid their Gahanna income taxes as a result of wrongful conduct by Gahanna, RITA, and Gahanna's finance director. Gahanna City Code Chapter 161 imposes the city's income tax. This chapter was amended in its entirety in December 2015, but the Gahanna ordinance at issue in the LaBorde litigation was in effect prior to those amendments. Gahanna Ordinance 0121-2015. Former Gahanna City Code 161.18(a) provided for a municipal tax credit to taxpayers who reside in Gahanna, but who earn income outside of Gahanna and pay a municipal tax in another municipality.[1]

{¶ 15} In the LaBorde litigation, the trial court determined that in tax years 2008 through 2014, Gahanna, through its tax administrator RITA, overtaxed thousands of the municipality's taxpayers due to the misapplication of former Gahanna City Code 161.18(a). In particular, these taxpayers were required to use a municipal income tax form that resulted in their overpayment of taxes to Gahanna because they did not receive the full tax credit to which they were entitled under former Gahanna City Code 161.18(a). After the trial court found Gahanna liable to the plaintiff class for over $10 million, the city settled for $9.1 million. OMJSP refused to reimburse Gahanna for the policy limit of $5 million in connection with the city's payment in the LaBorde litigation.

{¶ 16} Gahanna asserts the coverage exclusion set forth in section (C)(3)(b)(2) does not apply to taxpayer overpayment of municipal income taxes resulting from a misapplication of Gahanna law. In support, Gahanna first argues the coverage exclusion does not apply unless the tax law itself is deemed unconstitutional or otherwise illegal. Second, Gahanna argues the coverage exclusion only applies to circumstances involving property taxes, or if the exclusion is ambiguous in this regard, it must be construed in favor of coverage. And third, Gahanna argues the policy exclusion only applies to refunds, and the LaBorde litigation did not involve a refund. We reject each of these arguments.

---

[1] The credit for tax paid to another municipality is now provided for in Gahanna City Code 161.081.

{¶ 17} The coverage exclusion set forth in section (C)(3)(b)(2) applies to "refunds of taxes, assessments, fees, or charges," resulting from "an improper or illegal levy, tax, imposition, assessment or valuation of property." By its terms, this exclusion is not limited to circumstances involving an unconstitutional or otherwise illegal tax provision. A government entity, like Gahanna, administratively imposes and collects taxes as provided for in the law. While a tax law may be deemed unconstitutional or otherwise illegal, a legal tax law may be improperly administered. In either scenario, taxpayers may be entitled to a refund of overpaid taxes due to some type of improper or wrongful taxing authority conduct. Here, the policy excludes from coverage, among other things, tax refunds resulting from an improper or illegal "imposition." This means a tax imposed may be improper or illegal either because the underlying tax law is illegal or because the taxing authority has improperly or illegally administered the law. Thus, the language used in the policy's coverage exclusion is not limited to circumstances involving an illegal tax provision.

{¶ 18} Additionally, the section (C)(3)(b)(2) coverage exclusion is not limited to property taxes. As set forth above, this provision excludes from coverage lawsuit damages for the refund of taxes that result from "an improper or illegal levy, tax, imposition, assessment or valuation *of property*." (Emphasis added.) According to Gahanna, "of property" qualifies the entire series, and thus the trial court erred in applying the last-antecedent rule. Gahanna asserts its interpretation of the provision's meaning is consistent with the fact that property taxes can involve levies, assessments, and valuations. Gahanna also asserts that an interpretation of the phrase "*improper or illegal* levy, tax, imposition, assessment or valuation of property" that applies to taxes other than property taxes would render superfluous the use of the terms "improper or illegal." (Emphasis added.) We disagree.

{¶ 19} The policy's use of the terms "improper or illegal" is not superfluous under a construction of the provision that is more expansive than Gahanna's reading of it. In a practical sense, no "refund" could be the "result of" a proper or legal "levy, tax, imposition, assessment or valuation of property." Thus, it was unnecessary for the policy to address such an impossibility. Conversely, the policy's provision relating to public officials' liability coverage expressly addresses circumstances involving wrongful acts. Consequently, the

policy's use of "improper or illegal" as qualifying language in section (C)(3)(b)(2), to set forth an exclusion from the general coverage provision, is not superfluous.

{¶ 20} Moreover, "of property" does not qualify each preceding term in the series. Under the last-antecedent grammar rule, " 'referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.' " *State ex rel. Prade v. Ninth Dist. Court of Appeals*, 151 Ohio St.3d 252, 2017-Ohio-7651, ¶ 15, quoting *Carter v. Youngstown Div. of Water*, 146 Ohio St. 203, 209 (1946); *Averback v. Montrose Ford, Inc.*, 9th Dist. No. 28875, 2019-Ohio-373, ¶ 19; *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 23. "Thus, if there is contrary evidence that demonstrates that a qualifying phrase was intended to apply to more than the term immediately preceding it, we will not apply the last-antecedent rule so as to contravene that intent." *Wohl v. Swinney*, 118 Ohio St.3d 277, 2008-Ohio-2334, ¶ 13. We find the trial court properly applied this rule of grammar.

{¶ 21} There is no indication that the qualifying phrase "of property" was intended to apply beyond the term immediately preceding it. In fact, the opposite exists. Under Gahanna's interpretation of the policy exclusion, "of property" qualifies levy, tax, imposition, assessment, and valuation. But this interpretation strains common usage. The terms in this series, "levy," "tax," "imposition," "assessment," and "valuation" each relate to possible action by an insured associated with tax collection. While taxes may be imposed, levied, taxed, or assessed on or against a property, such an imposition, levy, tax, or assessment, is generally not considered "of property." But the amount of property taxes imposed is typically based on the "valuation of property." Applying the qualifier "of property" to each term in the preceding series, and not just the term immediately preceding it, would not comport with common usage. Thus, we find no indication of a contrary intent that would weigh in favor of deviating from the last-antecedent rule of grammar. The contracting parties' intent is clear and unambiguous: "of property" only qualifies "valuation."

{¶ 22} Lastly, we address Gahanna's contention that its settlement payment in the LaBorde litigation was not for the "refund" of overpaid taxes, as is required for the coverage exclusion to apply. Gahanna argues that the LaBorde litigation did not involve a "refund" because the plaintiffs in that matter alleged the defendants engaged in wrongful conduct

and because the money was not paid as part of the refund procedure set forth in Gahanna City Code 161.61.  These arguments lack merit.

{¶ 23}  Gahanna is correct that Gahanna City Code 161.61 permits a taxpayer to file an application with the tax commissioner for a municipal income tax refund based on "any illegal, erroneous, or excessive payment of tax" to the city under its income tax chapter.  But nothing in the policy coverage exclusion limits the term "refund" to overpayments recovered through such an application procedure.  The LaBorde litigation plaintiffs sought recovery of the refunds through a class action in the trial court.  Further, while the policy does not define "refund," it is commonly defined as " 'the amount a taxpayer or reporting entity would receive from the government due to an overpayment of taxes.' "  *Halliwell v. Halliwell*, 6th Dist. No. E-19-057, 2020-Ohio-5548, ¶ 34, quoting *Black's Law Dictionary* (6th Ed.1990).  Thus, a refund is the money a taxing authority owes to a taxpayer resulting from a collection in excess of the taxpayer's actual tax liability to the taxing authority. *Halliwell* at ¶ 34.  In the LaBorde litigation, the plaintiffs' claims against Gahanna were for a refund of overpaid taxes resulting from Gahanna's misapplication of the ordinance providing for a credit for taxes paid to other municipalities.  The reason for the overpayment does not change the fact the money Gahanna returned to the taxpayers was, in substance, a refund.  *See LaBorde v. Gahanna*, 10th Dist. No. 14AP-764, 2015-Ohio-2047, ¶ 19 ("Here, the LaBordes seek refunds of the amount of their municipal taxes they overpaid.").

{¶ 24}  Because the trial court correctly determined the coverage exclusion applies, it did not err in denying Gahanna's summary judgment motion and granting OMJSP's summary judgment motion.  Accordingly, we overrule Gahanna's sole assignment of error.

**IV.  Disposition**

{¶ 25}  Having overruled Gahanna's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BEATTY BLUNT, J., concur.

_____