[Cite as *Johns v. Hopkins*, 2013-Ohio-2099.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99218**

## DEVAN JOHNS

PLAINTIFF-APPELLANT

vs.

## JUSTIN D. HOPKINS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-769112

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Michael D. Schroge
Plevin & Gallucci Co.
55Public Square
Suite 2222
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Justin D. Hopkins**

Larry C. Greathouse
Gallagher Sharp
1501 Euclid Avenue
Bulkley Building, 6th Floor
Cleveland, Ohio 44115

**For State Farm Mutual Auto Ins. Co.**

Joseph H. Wantz
Williams, Moliterno & Scully Co.
2241 Pinnacle Parkway
Twinsburg, Ohio 44087

LARRY A. JONES, SR., P.J.:

{¶1} In this case, we are asked to review the definition of who "an insured" individual is for the purposes of uninsured/underinsured motorist coverage in an auto insurance policy. The trial court granted defendant-appellee State Farm Mutual Automobile Insurance Company's motion for summary judgment. For the reasons that follow, we affirm.

## I. Procedural History

{¶2} In November 2009, plaintiff-appellant Devan Johns was involved in a car accident with defendant Justin Hopkins. Hopkins is not a party to this appeal.

{¶3} The car Johns was driving was owned by Randal and Carol Brack. The Bracks had auto insurance through State Farm. Johns had auto insurance through State Auto; Hopkins, the tortfeasor, had a policy with GEICO insurance.

{¶4} In November 2011, Johns filed a complaint against Hopkins; a month later, he filed an amended complaint adding State Farm as a new party defendant.

{¶5} In the complaint, Johns alleged that Hopkins was intoxicated when Hopkins caused the accident. According to the police report, attached as an exhibit to Johns's brief in opposition to State Farm's motion for summary judgment, Hopkins ran a stop sign and crashed into Johns, causing Johns to hit a parked car. Hopkins's breath alcohol level was .182; more than twice the legal limit in Ohio.

{¶6} As a result of the accident, Johns alleged he sustained injuries to his head, neck, back, and other parts of his body, causing pain and suffering, and he lost time from work.

{¶7} In the amended complaint, Johns alleged that the car he was driving was insured by State Farm; exhibit A attached to the complaint showed that the car was owned by the Bracks.

{¶8} The policy limits on Hopkins's auto insurance were $12,500 per person/$25,000 per accident; the policy limits on Johns's insurance were the same. Johns added State Farm as a new party defendant "for the balance of the proceeds of the underinsurance benefits in the amount of $100,000 in compliance with the terms of said policy." Amended complaint, ¶ 12. In sum, because both his own policy limits and the policy limits of the tortfeasor were far less than those of the Bracks ($12,500 vs. $100,000), Johns decided to sue the company that insured the car he was driving when the accident occurred.

{¶9} State Farm moved for summary judgment, arguing that because Johns's Safe Auto policy provided uninsured/underinsured ("UM/UIM") coverage, he did not qualify as an insured under the State Farm policy. Johns opposed the motion.

{¶10} The trial court issued the following order:

In opposing defendant State Farm's July 11, 2012 motion for summary judgment, plaintiff has argued that under R.C. 3937.18(C), no UIM benefits are available from Safe Auto because plaintiff's UIM policy limits are the same as the policy limits for the liability policy of defendant Justin Hopkins.

However, the "available for payment" language in R.C. 3937.18(C) does not allow for a simple policy limit – to – policy limit comparison. *See Pierson v. Wheeland*, 2006-Ohio-1316, ¶ 15 (Ohio Ct. App. Summit County Mar. 22, 2006) (citing *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425)).

Therefore, in order to rule on the motion, the court needs evidence as to what amount is actually "available for payment." The parties shall file

supplemental briefs addressing only this issue within 10 days of this entry.

**{¶11}** Both parties filed supplemental briefs. The trial court subsequently granted State Farm's motion for summary judgment.

**{¶12}** Johns filed this timely appeal and raises one assignment of error for our review:

> The trial judge erred, as a matter of law, by determining that defendant-appellee, State Farm Mutual Automobile Insurance Company, is entitled to deny uninsured/underinsured motorist coverage to plaintiff-appellant, Devan Johns.

## II. Standard of Review

**{¶13}** A reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

**{¶14}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶15} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶16} Likewise, the interpretation of an automobile liability insurance policy presents a question of law that an appellate court reviews without deference to the trial court. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684.

### III.   State Farm's Policy

{¶17} The Bracks' State Farm policy included the following provision relative to UM/UIM coverage:

**WHO IS AN INSURED**

**Insured** - means the **person** or **persons** covered by Uninsured Motor Vehicle Coverage.

This is:

1. the first **person** named in the declarations;

2. his or her **spouse**;

3. their **relatives**; and

4. any other **person** who is not insured for uninsured motor vehicle coverage under another vehicle policy while **occupying your car** * * *.   Such vehicle has to be used within the scope of the consent of **you** or **your spouse**;

5. any **person** entitled to recover damages because of **bodily injury** to an **insured** under 1 through 4 above.

(Emphasis sic.)

{¶18} The policy also contained an "Important Notice":

1. The definition of "insured" has changed. While occupying your car * * * a person other than the named insured, spouse, and relatives who has uninsured motor vehicle coverage from another source no longer meets the definition of "insured."

{¶19} The parties agree on the following: (1) Johns does not meet the first, second, third, or fifth definition listed above; and (2) Johns had an insurance policy through State Auto, which included an UM/UIM endorsement. At issue is the definition of "an insured," specifically whether Johns falls under subsection four. Johns claims that because his policy limits of $12,500 per person/$25,000 per accident were the same as Hopkins's policy limits, he meets the definition of one "who is not insured for uninsured motor vehicle coverage under another vehicle policy." Because he cannot recover UM/UIM benefits from either Hopkins's GEICO policy or his own Safe Auto policy due to the offset provision in Ohio's UM/UIM law, Johns claims he falls under the definition of "an insured" under State Farm's policy. R.C. 3937.18(C).[1] In other words, Johns is arguing that because he does not have a colorable claim under his policy, he does not have

---

[1] The offset provision in R.C. 3937.18(C) states that "[t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."

UM/UIM "coverage" and therefore should be considered "an insured" under State Farm's policy.

{¶20} State Farm argues that Johns does not fall under the fourth definition because his State Auto policy included a UM/UIM provision, plain and simple; it is immaterial if Johns can pursue a claim under his policy.

{¶21} Johns proposes that we expand the definition of "an insured" to include an individual who is unable to recover from the UM/UIM portion of his or her own insurance policy. This is not a reasonable construction of State Farm's contract; such an expansion would essentially write impermissible terms into the contract and we decline to do so.

## IV. Law and Analysis

{¶22} When interpreting an automobile liability insurance policy, if the language used is clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 418, 1999-Ohio-116, 715 N.E.2d 532; *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 607, 1999-Ohio-322, 710 N.E.2d 677. However, when "the language in an insurance policy is ambiguous and susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy." *Id.*, citing *Derr v. Westfield Cos.*, 63 Ohio St.3d 537, 542, 589 N.E.2d 1278 (1992).

{¶23} When interpreting a contract, such as a policy for insurance, courts will presume that words are used for a specific purpose and will avoid interpretations that render portions meaningless or unnecessary. *Wohl v. Swinney*, 118 Ohio St.3d 277,

2008-Ohio-2334, 888 N.E.2d 1062, ¶ 22.

**{¶24}** In *Wohl*, the court looked to language in an insurance policy similar to the one in this case. James Slattery and Linda Wohl were struck by a vehicle driven by Tyler Swinney. Slattery was driving Wohl's car, in which Wohl was a passenger. Swinney was insured by Progressive Insurance Company, Wohl had insurance with Motorists Mutual Insurance Company, and Slattery had insurance through American States Insurance.

**{¶25}** Progressive offered its policy limit of $500,000 to settle Wohl's and Slattery's claims. Wohl and Slattery agreed to allocate the payment so that Wohl received $499,999 and Slattery received $1. Slattery also instituted a claim against Motorists for UM coverage. Motorists denied Slattery's claim, arguing that Slattery was not considered "an insured" for UM coverage under Wohl's Motorists policy.

**{¶26}** The trial court found that Motorists was required to cover Slattery as an insured for UM coverage under Wohl's policy. Motorists appealed, and the Twelfth District Court of Appeals affirmed. *Wohl v. Swinney*, 12th Dist. No. CA2006-05-123, 2007-Ohio-592. The court of appeals did not rely on the trial court's reasoning, but instead held that for the purposes of UM coverage, the definition of "an insured" in Motorists' policy was ambiguous and should be strictly construed against the insurer.

**{¶27}** The Supreme Court of Ohio disagreed. The court found the definition of an insured was unambiguous and because Slattery was "someone else who was occupying the covered auto but who was a named insured for uninsured motorist coverage under another policy (his own), Slattery was not an insured for UM coverage under Wohl's Motorists

policy." *Wohl*, 118 Ohio St.3d 277, 2008-Ohio-2334, 888 N.E.2d 1062, ¶ 24.

**{¶28}** Importantly, the court noted the "intention of the parties was to narrowly define 'insured' for UM coverage." *Id.* at ¶ 14. The court concluded "[w]hen the insurance policy at issue here is viewed as a whole, it becomes clear that the definition of insured in the UM portion of the policy is intended to narrowly define who is considered an insured under that section." *Id.* at ¶ 23.

**{¶29}** In *Safeco Ins. Co. of Illinois v. Motorists Mut. Ins. Co.*, 8th Dist. No. 86124, 2006-Ohio-2063, this court found that an insurance policy, which contained language similar to the subject provision in this case, excluded a party from the definition of an insured for UM/UIM coverage because that party had UM/UIM coverage under another policy. This court held that R.C. 3937.18, the statute governing UM/UIM coverage, "does not mandate who must be an insured for purposes * * * of coverage, and the parties to the insurance contract are free to draft and negotiate their own restrictions regarding who is and is not an insured for various coverage." *Safeco* at ¶ 15, citing *Mitchell v. Motorists Mut. Ins. Co.*, 10th Dist. No. 04AP-589, 2005-Ohio-3988.

**{¶30}** Johns attempts to distinguish *Wohl* and *Safeco*, arguing that the statute's offset provision, R.C. 3937.18(C), was not germane to either of those cases; therefore, the cases are not controlling.

**{¶31}** R.C. 3937.18(C) provides, in part, the following:

The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.

**{¶32}** Johns argues that due to this statutory provision and the limits of his and Hopkins's policies, he is precluded from recovering under those policies. And because he is precluded from recovery under those policies, he must be included as an insured under State Farm's policy. We disagree; while under the facts of this case Johns may be precluded from recovery under his and the tortfeasor's policies due to the limits on the policies, he still cannot be considered an insured under the State Farm's policy.

**{¶33}** There is nothing written into State Farm's policy that we can interpret to mean that an individual must actually be able to recover under his or her own UM/UIM policy before State Farm's definition of "an insured" would apply. State Farm's definition clearly states that a person occupying the State Farm vehicle does not qualify as an insured under part four if that individual has his or her own policy of insurance that provides for UM/UIM coverage.

**{¶34}** In *Holliman*, 86 Ohio St.3d 414, 416-417, 1999-Ohio-116, 715 N.E.2d 532, the Ohio Supreme Court noted that "[n]othing in R.C. 3937.18 * * * prohibits the parties to an insurance contract from defining who is an insured under the policy." In fact, R.C. 3937.18(C) does not expand, or even touch upon, whether an individual person qualifies as "an insured" under an insurance policy. R.C. 3937.18(C) is solely directed to the issue of the limits of coverage available under the UM/UIM provisions in a policy.

**{¶35}** We find that a reasonable interpretation of the contract in this case is that the parties intended to exclude coverage for persons who had UM/UIM coverage under another insurance policy and were neither a named insured nor an insured family member under State Farm's policy. In accordance with *Wohl* and *Safeco*, *supra*, the parties to the

insurance contract were free to draft and negotiate their own restrictions regarding who is and is not a named insured for UM/UIM coverage.

{¶36} The plain language of State Farm's policy is that "an insured" is an individual "*who is not insured* for uninsured motor vehicle coverage under another vehicle policy." (Emphasis added.) No reasonable interpretation of the contract could lead one to a meaning of "one who is insured for uninsured motor vehicle coverage under another vehicle policy, unless he or she cannot recover under that policy." If State Farm had wished to include these individuals in its coverage, it could have put such a statement in its policy.

## V. "Available for Payment"

{¶37} Finally, although the trial court asked for additional briefing from the parties on the issue of what was "available for payment" under R.C. 3937.18(C), the trial court declined to find the cited cases, *Pierson v. Wheeland*, 9th Dist. No. 22736, 2006-Ohio-1316, and *Littrell v. Wigglesworth*, 91 Ohio St.3d 425, 2001-Ohio-87, 746 N.E.2d 1077, more than instructive.

{¶38} Both *Pierson* and *Littrell* dealt with the amount of UM/UIM coverage offset; whether an insured may be covered even if the amount of coverage is identical to or less than the tortfeasor's liability limits. Neither case discussed who was covered as "an insured" in a policy. Our issue here is whether Johns is covered under State Farm's policy. We agree with the trial court that he is not.

{¶39} In sum, even in viewing the evidence in a light most favorable to Johns, reasonable minds can come to only one conclusion and that is that there are no questions

of material fact; therefore, the trial court correctly granted summary judgment in favor of State Farm.

**{¶40}** The sole assignment of error is overruled.

**{¶41}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS WITH
SEPARATE OPINION;
SEAN C. GALLAGHER, J., DISSENTS WITH
SEPARATE OPINION

KENNETH A. ROCCO, J., CONCURRING:

**{¶42}** I fully concur with Judge Jones's well-reasoned opinion. Nonetheless, I share the sentiments expressed in Judge Gallagher's dissent. Alas, I am reminded of the words of my remote ancestors, "dura lex sed lex," an apt inscription for our high court's escutcheon.

SEAN C. GALLAGHER, J., DISSENTING:

{¶43} I respectfully dissent. I would find that Johns is "an insured" under the State Farm policy subject to the setoff provision of R.C. 3937.18(C). Johns cannot recover from Hopkins's GEICO policy or his own Safe Auto policy by virtue of the offset provision in Ohio's UM/UIM law. I find it unconscionable that by having insurance, albeit minimal coverage, Johns is precluded from qualifying for UM/UIM coverage under the State Farm policy. Johns, in my view, is in effect "uninsured" and thus qualifies as an insured under the State Farm policy.