[Cite as *Washington v. Geico Ins. Co.*, 2014-Ohio-4375.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100527**

# CANDACE WASHINGTON

PLAINTIFF-APPELLANT

vs.

# GEICO INSURANCE COMPANY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-796511

**BEFORE:**  Keough, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  October 2, 2014

**ATTORNEYS FOR APPELLANT**

A. Scott Fromson
A. Scott Fromson Attorney at Law
32125 Solon Road
Solon, Ohio 44139

Randy J. Hart
Randy J. Hart, L.L.P.
23600 Commerce Park
Beachwood, Ohio 44122

**ATTORNEYS FOR APPELLEES**

Larry C. Greathouse
Richard C. Rezie
Steven D. Strang
Gallagher Sharp
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115-2108

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Candace Washington, appeals the trial court's decision granting judgment in favor of GEICO Insurance Company.

{¶2} In 2011, Washington was injured in a hit-and-run accident while riding as a passenger in an automobile driven by Bonita Burse. At the time of the accident, Burse had an automobile insurance policy through GEICO, which included coverage for uninsured/underinsured motorists ("UM/UIM").

{¶3} In 2013 and after being denied coverage under Burse's policy, Washington filed suit against GEICO seeking a declaratory judgment that she is entitled to recover under Burse's policy.

{¶4} Washington moved for summary judgment, contending that Burse's policy provided coverage for the policy holder and their "passengers" in UM/UIM claims. Accordingly, because she was injured in a hit-and-run accident while riding as a passenger in a car that was driven by a GEICO insured, Washington argues that she is entitled to coverage under the UM/UIM section of Burse's policy. GEICO opposed Washington's motion contending that Washington does not fall under the definition of "insured" in the UM/UIM section of the policy; therefore, she is not entitled to coverage.

{¶5} The trial court denied Washington's motion for summary judgment ruling that Washington "was not a party to the contract and by the terms of this contract, was excluded from coverage." The trial court subsequently declared judgment in favor of

GEICO.

{¶6} Washington now appeals, asserting two "statements of assignment of error"; however, we construe these "statements" to raise one assignment of error — that the trial court erred in granting judgment in favor of GEICO. Specifically, she contends that because the UM/UIM section of Burse's insurance policy contains an ambiguity regarding coverage for "passengers," the ambiguity should be construed strictly against GEICO and judgment was therefore improper.

{¶7} "[A]n appellate court reviewing a declaratory-judgment matter should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, * * * and should apply a de novo standard of review in regard to the trial court's determination of legal issues in the case." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 1. With this standard in mind, we review the decision of the trial court.

{¶8} Section IV of the GEICO insurance policy governs UM/UIM coverage. The heading of that section provides:

> SECTION IV — UNINSURED AND UNDERINSURED MOTORISTS COVERAGE — Protection For You and *Your Passengers* For Injuries Caused By Uninsured and Hit-And-Run Motorists

(Emphasis added). Washington contends that because the heading in this section uses the words "your passengers," all passengers riding in the driver's automobile are entitled to coverage for purposes of UM/UIM coverage.

{¶9} However, the language of the policy itself provides that only "insureds" are

entitled to coverage under the UM/UIM portion of the policy. In the section "Losses We Pay," the policy expressly states: "Under the Uninsured and Underinsured Motorists Coverage we will pay damages for bodily injury cause by accident which the insured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle or hit-and-run motor vehicle * * *." Furthermore, under "Exclusions — When Section IV Does Not Apply," the policy expressly excludes coverage for individuals who are not "insureds" — "9. We do not cover any person suffering bodily injury, who is not an insured under the policy."

{¶10} The policy defines an "insured" for purposes of UM/UIM coverage:

3. Insured means:

(a) the individual named in the declarations and his or her spouse if a resident of the same household;

(b) relatives of (a) above if residents of the household;

(c) any person who is entitled to recover damages because of bodily injury sustained by an insured under (a) and (b) above.

If there is more than one insured, our limit of liability will not be increased.

{¶11} In this case, Washington admitted in her response for request for admissions that she did not reside with Burse on the day of the accident or that she was related to Burse. Accordingly, under the policy, Washington does not satisfy the definition of "insured," which would entitle her to coverage under the UM/UIM section of the GEICO policy. These narrow definitions of an "insured" for UM/UIM coverage have repeatedly

been upheld by Ohio courts. *See, e.g., Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 416, 1999-Ohio-116, 715 N.E.2d 532 (nothing prohibits the parties to an insurance contract from defining who is an insured person under the policy); *Shepherd v. Scott*, 3d Dist. Hancock 5-02-22, 2002-Ohio-4417, ¶ 19 ("It is perfectly within the province of an insurance provider to define who will be an insured"); *Johns v. Hopkins*, 8th Dist. Cuyahoga No. 99218, 2013-Ohio-2099; *Wayne Mut. Ins. Co. v. Mills*, 118 Ohio App.3d 146, 692 N.E.2d 213 (9th Dist.1996).

{¶12} However, it appears that Washington does not dispute that she does not meet the definition of "insured" as defined under the UM/UIM section of the policy. Rather, she contends that the policy is ambiguous because the heading of the UM/UIM section of the policy states "your passengers" and because she was a passenger of the car, she is entitled to coverage. She claims this ambiguity must be strictly construed against GEICO and therefore, she is still entitled to UM/UIM coverage. We are not persuaded.

{¶13} First, Washington is not a party to the contract. Thus, she has no standing to assert ambiguity in her favor. As the Ohio Supreme Court held, "where 'the plaintiff is not a party to [the] contract of insurance * * *, [the plaintiff] is not in a position to urge, as one of the parties, that the contract be construed strictly against the other party;'" especially "where expanding coverage beyond a policyholder's needs will increase the policyholder's premiums." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 14, quoting *Cook v. Kozell* (1964), 176 Ohio St. 332, 336, 199 N.E.2d 566 (1964).

{¶14} Moreover, a heading of a section of the policy is not the controlling language of a policy or contract. Rather, a heading is merely directional and for the ease of the reader. No terms or coverage is provided for in a heading. Rather, under Ohio law, the policy provisions must be read in context with the policy as a whole to avoid abstract interpretation and presume that the intent of the parties is reflected in the language used in the policy. *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 212, 519 N.E.2d 1380 (1988); *Inchaurregui v. Ford Motor Co.*, 9th Dist. Lorain No. 98CA007187, 2000 Ohio App. LEXIS 2380, *8; *Galatis* at ¶ 11.

{¶15} In construing a prenuptial agreement, the Seventh District found that placing a contractual provision where compensation arises upon death under the heading "divorce, dissolution," did not render the contract ambiguous. *Parilla v. Parilla*, 165 Ohio App.3d 802, 2006-Ohio-1286, 848 N.E.2d 881, ¶29. The court concluded that the placement of the provision under the wrong heading did not make an otherwise plain agreement ambiguous. *Id.*

{¶16} Similarly in this case, the heading of Section IV at issue fails to create an ambiguity that would alter the expressed language of the body of the policy. The heading does no more than lead the reader to the information they are seeking; it is the content of the paragraphs below the heading that explains the information, which in this case, is UM/UIM coverage. To construe the heading in the manner Washington suggests is unreasonable because it would expand coverage otherwise limited by the plain and unambiguous definition of who is an insured for UM/UIM coverage under the GEICO

policy.

{¶17} Accordingly, the trial court did not err in declaring judgment in favor of GEICO. The assignments of error are overruled.

{¶18} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR