[Cite as *Chapman v. Am. Family Ins.*, 2016-Ohio-5906.]

STATE OF OHIO         )               IN THE COURT OF APPEALS
                       )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

KELLY CHAPMAN, et al.             C.A. No.       27862

        Appellant

        v.                      APPEAL FROM JUDGMENT
                                  ENTERED IN THE
AMERICAN FAMILY INSURANCE     COURT OF COMMON PLEAS
COMPANY, et al.                  COUNTY OF SUMMIT, OHIO
                                  CASE No.    CV 2014-04-2178

        Appellees

DECISION AND JOURNAL ENTRY

Dated: September 21, 2016

CARR, Presiding Judge.

**{¶1}** Appellant, Kelly Chapman, appeals a judgment of the Summit County Court of Common Pleas that determined that she is not an insured person for purposes of underinsured motorist coverage. This Court affirms.

I.

**{¶2}** On November 6, 2012, Charles Sheibelhood turned into the path of an oncoming car driven by Michael Farmer while attempting to make a left turn. The two cars collided, and Kelly Chapman, who was a passenger in Mr. Farmer's vehicle, sustained injuries. Mr. Sheibelhood, who was cited in connection with the accident, carried an auto insurance policy issued by State Farm Insurance with limits of $50,000 per person and $100,000 per occurrence. Ms. Chapman was an insured on an auto insurance policy issued by Progressive Insurance that provided underinsured motorist coverage with the same policy limits of $50,000 per person and $100,000 per occurrence. Mr. Farmer was insured by Appellee, American Family Insurance,

with underinsured motorist coverage with policy limits of $100,000 per person and $300,000 per occurrence.

{¶3} Ms. Chapman settled her claim for the policy limit available under Mr. Sheibelhood's policy with State Farm. She made a claim under the Progressive policy, but that claim was denied because Mr. Sheibelhood's policy limit was the same as Ms. Chapman's policy limit under her own underinsured motorist coverage. Ms. Chapman then filed an action seeking a declaratory judgment that she was entitled to underinsured motorist coverage under the terms of the American Family policy. The trial court granted summary judgment to American Family, concluding that Ms. Chapman is not an "insured person" as defined by the relevant provisions in the policy. Ms. Chapman appealed.

I.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE, AMERICAN FAMILY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FINDING THAT PLAINTIFFS WERE NOT "INSURED" WITHIN THE POLICY OF INSURANCE APPLICABLE TO THE DRIVERS CAR IN WHICH KELLY CHAPMAN WAS A PASSENGER, SUFFERED SEVERE INJURIES AND THE TORTFEASOR WAS DETERMINED TO BE A[N] "UNDERINSURED MOTORIST."

{¶4} Ms. Chapman's assignment of error argues that the trial court erred by concluding that she is not an insured person under the terms of Mr. Farmer's underinsured motorist policy with American Family. Specifically, Ms. Chapman has argued that the definition of "insured person" must be read in conjunction with the setoff limitations for "other insurance" that apply when an insured person is entitled to recover under the underinsured motorist policy. In other words, she maintains that the definition of "insured person" under the American Family policy is

ambiguous and must be expanded to include those who are named under another policy of underinsured motorist insurance, but unable to recover. We disagree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). According to Civ.R. 56(C), summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, the material facts are not disputed, so our review is limited to whether American Family is entitled to summary judgment as a matter of law.

{¶6} Language used in an insurance contract must be given its natural, commonly accepted meaning so that an interpretation of the contract consistent with the object and intentions of the parties can be determined. *Sauer v. Crews*, 140 Ohio St.3d 314, 2014-Ohio-3655. When determining whether a provision of an insurance contract is ambiguous, Courts must examine the contract as a whole and pay careful attention to context. *Id*. at ¶ 13-14. "[A] court cannot create ambiguity in a contract where there is none." *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-4838, ¶ 16.

{¶7} The American Family contract at issue in this case provides:

1. We will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.

2. The **bodily injury** must:

    a. be sustained by an **insured person**,

    b. be caused by an accident; and

    c. arise out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

(Emphasis in original.) Defined terms are highlighted using boldface type. The insurance contract then lists exclusions to coverage, describes the limits of liability for coverage, and explains the manner in which other insurance policies affect coverage. The latter section provides, with respect to coverage from sources other than American Family:

> If there is other similar insurance on *a loss covered by this endorsement*, we will pay our share according to this policy's proportion of the available policy limits of all similar insurance. But, any insurance we provide for use of your insured car by any person other than you will be excess over any other collectible insurance, self insurance, or bond. Any insurance provided under this coverage for a vehicle you do not own, including any vehicle while used as a temporary substitute for your insured car, is excess over any other collectible Underinsured Motorists Coverage. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

(Emphasis added.) When these provisions are read together and in their context, it is readily apparent that the provisions related to other insurance are only relevant when there "a loss covered by this endorsement," which requires "bodily injury * * * sustained by an insured person." If there is no "insured person," there is no underinsured motorist coverage and, in the absence of underinsured motorist coverage, the "other insurance" provisions of the contract never come into play.

{¶8} The definition section of the policy that pertains to underinsured motorist coverage provides, in relevant part:

**Insured person** or **insured persons** means:

(1) **you** or a **relative**.

(2) anyone else **occupying** your insured car who is not:

(a) a named insured for underinsured motorists coverage under another policy, a self-insurance program, or a liability bond[.]

(Emphasis in original.) In this respect, we note that the Ohio Supreme Court has held that the parties to an insurance contract are free to define "insured person" in any way they see fit. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 416 (1999). The definition of "insured person" in the American Family contract is clear and unambiguous. The context is also clear: unless there is an "insured person" for whom coverage exists, the contract provisions related to "other insurance" never come into play.

{¶9} The Eighth District Court of Appeals reached the same conclusion in *Johns v. Hopkins*, 8th Dist. Cuyahoga No. 99218, 2013-Ohio-2099. In that case, the tortfeasor's liability policy limits and the injured party's underinsured motorist policy limits were the same, and were considerably lower that the underinsured motorist policy limit that applied to the car that the injured party was driving at the time of the accident. *Id.* at ¶ 8. The injured party sued for coverage, arguing that the offset provisions for other insurance should be applied to the determination of whether he was "an insured" under the relevant underinsured motorist policy. *Id.* at ¶ 19. Analyzing the contract language at issue, the Court noted:

> There is nothing written into State Farm's policy that we can interpret to mean that an individual must actually be able to recover under his or her own UM/UIM policy before State Farm's definition of "an insured" would apply. State Farm's definition clearly states that a person occupying the State Farm vehicle does not qualify as an insured under part four if that individual has his or her own policy of insurance that provides for UM/UIM coverage.

*Id.* at ¶ 33. Accordingly, the Eighth District rejected the injured party's argument, concluding that doing so would "expand the definition of 'an insured' to include an individual who is unable to recover from the UM/UIM portion of his or her own insurance policy." *Id.* at ¶ 21. *See also Wohl v. Swinney*, 118 Ohio St.3d 277, 2008-Ohio-2334, ¶ 23 (concluding that the definition of "insured" for purposes of uninsured motorist coverage was clear and unambiguous and reflected the parties' intention to "narrowly define who is considered an insured under that section.")

**{¶10}** The definition of "insured person" in the American Family contract at issue in this case is clear and unambiguous, and the context demonstrates that the parties did not intend the definition of "insured person" to include those who are named on another policy of underinsured motorist coverage but unable to recover. Ms. Chapman's argument is not well-taken, and her assignment of error is overruled.

III.

**{¶11}** Ms. Chapman's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellant.

JAY S. HANSON, Attorney at Law, for Appellee.

D. MICHAEL JOHANSON, Attorney at Law, for Appellee.