[Cite as *Dennewitz v. State Farm Mut. Automobile Ins. Co.*, 2025-Ohio-782.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY


EARL DENNEWITZ, et al.,                    :

                          Plaintiffs-Appellants,    :    Case No.  24CA13

          v.                               :

STATE FARM MUTUAL AUTOMOBILE        :    DECISION AND JUDGMENT ENTRY
 INSURANCE COMPANY, et al.,

                                           :

                          Defendants-Appellees.      :

                                           :
_____

APPEARANCES:

Mark D. Tolles, II, Chillicothe, Ohio, for appellants.

Todd M. Zimmerman, Westerville, Ohio, for appellees.
_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-3-25
ABELE, J.

{¶1}  This is an appeal from a Ross County Common Pleas Court summary judgment entered in favor of State Farm Mutual Automobile Insurance Company, defendant below and appellee herein.  Mona Lisa Roberts, plaintiff below and appellant herein, assigns the following error for review:

> "THE TRIAL COURT ERRED IN DETERMINING THAT
> MONA LISA ROBERTS DOES NOT QUALIFY UNDER
> STATE FARM'S UNINSURED/UNDERINSURED MOTORIST
> COVERAGE (UM/UIM) POLICY AS AN INSURED AND
> FURTHER ERRED IN GRANTING STATE FARM'S

MOTION FOR PARTIAL SUMMARY JUDGMENT IN ITS
MARCH 1, 2024 ORDER."

**{¶2}** On April 11, 2021, appellant sustained significant injuries in a motor vehicle accident when Leland Brown's vehicle crashed into the vehicle in which appellant was a passenger. Appellant's injuries resulted in $238,387.93 in medical bills.

**{¶3}** At the time of the accident, Brown, the tortfeasor, carried a motor vehicle insurance policy that provided liability coverage in the amount of $25,000 per person and $50,000 per accident. Additionally, appellant had an insurance policy with Western Reserve Mutual Casualty Company that provided uninsured/ underinsured motor vehicle (UM) coverage in the amount of $50,000 per person. Appellant subsequently received $25,000 from the tortfeasor's insurer and $25,000 from her insurer.

**{¶4}** Appellant also sought coverage under appellee's policy. Appellee insured the owner of the vehicle in which appellant had been injured, Clayton Dennewitz (appellant's nephew). Appellee's policy provided UM coverage to an insured in the amount of $100,000 per person and $300,000 per accident.

**{¶5}** After appellee denied appellant's request to pay any amount for her injuries, appellant filed a complaint against appellee for breach of contract.[1]

**{¶6}** Appellee subsequently filed a motion for summary judgment and argued that the insurance policy's definition of "insured" established that appellant is not entitled to UM coverage. The policy's "Insuring Agreement" stated that appellee

> will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from an ***uninsured motorist***. The ***bodily injury*** must be:
> a. sustained by an ***insured***; and
> b. caused by an accident arising out of the
>
> operation, maintenance, or use of a ***motor vehicle***
>
> by an ***uninsured motorist***.[2]

---

[1] Appellant also named her own insurance company as a defendant in the complaint, but later dismissed her claim against her insurance company. Additionally, the other persons injured in the accident filed a breach of contract claim against appellee. They later dismissed their claims.

[2] In the "Definitions" section of the policy, the policy indicates that appellee defines "certain words and phrases below for use throughout the policy" and further states that "[d]efined words and phrases are printed in boldface italics."

{¶7} The policy defined an "insured" for purposes of "Uninsured Motor Vehicle Coverage" as follows:

1. *you*;
2. *resident relatives*;
3. any other *person* who is not insured for uninsured motor vehicle coverage under another vehicle policy while *occupying*;
a. *your car* . . .

{¶8} Appellee argued that appellant did not satisfy the definition of an "insured" because she (1) is not the named insured (i.e., "you"), (2) is not a resident relative (i.e., a relative who resided with the named insured), and (3) is insured for UM coverage under another policy while occupying the named insured's car.

{¶9} In response, appellant argued that she qualifies as an insured under appellee's policy because the UM benefits that she received from the tortfeasor's policy and her own policy are not sufficient to cover the amount of her damages. Appellant argued that appellee's policy provides "that someone like [her] is considered an insured under the policy when the policy limits of her personal [UM] coverage . . . are less than the policy

limits" of appellee's policy. She contends that, because her damages (more than $200,000) exceeded the amount of her UM coverage ($50,000), she is entitled to collect $50,000 under appellee's policy. Appellant asserted that because her insurance did not cover the damages that exceeded the policy limit of $50,000, she is therefore "not insured for uninsured motor vehicle coverage under another vehicle policy."

**{¶10}** Appellant contended that her reading of appellee's policy is consistent with the policy's definition of "uninsured motorist." The policy defines an "uninsured motorist" to mean the owner or operator of:

> 1. a *motor vehicle*, whose ownership, operation, maintenance, and use of that *motor vehicle* is:
>> a. not insured or bonded for bodily injury liability at the time of the accident; or
>> b. insured or bonded for bodily injury liability at the time of the accident; but
>>> (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged;
>>> (2) the limits of liability;
>>>> (a) are less than the limits *you* carry for Uninsured Motor Vehicle Coverage under this policy; or
>>>> (b) have been reduced by payments to *persons* other than an *insured* to an

6

        amount less than the limits **you** carry for
        Uninsured Motor Vehicle Coverage under
        this policy;
    (3) the insuring company denies coverage or is
    or becomes insolvent;
    (4) the owner or operator has diplomatic
    immunity . . .

{¶11} Appellant further argued that the "Other Uninsured Motor Vehicle Coverage" section indicated that she is entitled to coverage. Appellant claimed that this section meant "that someone may be an insured under [appellee]'s policy even if that person has coverage under another [UM] coverage policy." She asserted that if a person with other UM coverage "was automatically removed from the third definition of an 'insured,'" then the policy would not need "to address situations where 'other uninsured motor vehicle coverage applies."

{¶12} The section of appellee's policy titled, "If Other Uninsured Motor Vehicle Coverage Applies," first specifies that "[a]ny and all stacking of uninsured motor vehicle coverage is precluded." The remaining relevant provisions read as follows:

    2. If other Policies Issued By Us To You or Any Resident

Relative Apply

If two or more **motor vehicle** liability policies issued by **us** to **you** or any **resident relative** providing Uninsured Motor Vehicle Coverage apply to the same accident, then the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. . .

3. If Any Other Policies Apply

a. If the Uninsured Motor Vehicle Coverage provided by this policy and the uninsured motor vehicle coverage provided by any other policy apply to the same **bodily injury**, then this coverage is excess to such other uninsured motor vehicle coverage, but only in the amount by which it exceeds such other coverage.

b. If coverage under more than one policy applies as excess, then:

(1) the maximum amount payable may not exceed the difference between the uninsured motor vehicle coverage limit of the policy that applies as primary and the highest applicable uninsured motor vehicle coverage limit of any one of the uninsured motor vehicle coverages that applies as excess; and

(2) **we** are liable only for **our** share. . .

**{¶13}** Appellee replied that appellant's arguments are meritless and that numerous courts have rejected these same arguments.

**{¶14}** On March 1, 2024, the trial court granted appellee summary judgment regarding appellant's claim for UM coverage

under appellee's policy.  This appeal followed.

{¶15} In her sole assignment of error, appellant asserts that the trial court incorrectly entered summary judgment in appellee's favor.  She contends that appellee's policy allows her to recover excess UM coverage and that she meets the definition of an "insured" for purposes of UM coverage.

{¶16} Appellee asserts that its policy clearly and unambiguously shows that appellant is not entitled to UM/UIM coverage under its policy.  Appellee points out that the policy's UM coverage does not extend to insureds, like appellant, who are not resident relatives and who carry their own automobile liability policy that includes UM coverage. Appellee observes that other courts have considered the policy's definition of "insured" and concluded that the definition clearly and unambiguously excludes nonresident relatives who carry their own automobile liability policy that includes UM coverage.

{¶17} Appellee further disputes appellant's assertion that the "other insurance" provision means that she qualifies as an

insured and is entitled to UM coverage under its policy. Appellee states that the "other insurance" provision still requires a person to be an "insured," as defined in the policy's UM coverage provisions.

{¶18} In response, appellant reiterates her argument that the "other insurance" provision shows that she is entitled to UM/UIM coverage under appellee's policy. She states that "any other conclusion would improperly render Paragraph No. 3a meaningless, superfluous, and unnecessary."

A

{¶19} Appellate courts conduct a de novo review of trial court summary judgment decisions. *E.g., Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 2024-Ohio-1945, ¶ 10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, an appellate court need not defer to a trial court's decision, but instead must independently review the record to determine if summary judgment is appropriate. *Grafton*, 77 Ohio St.3d at 105.

Civ.R. 56(C) provides in relevant part:

10

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶20}** Therefore, pursuant to Civ.R. 56 a trial court may not award summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) after viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *E.g., State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2021-Ohio-1241, ¶ 8; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶21}** In the case at bar, as we explain below, we believe that the trial court correctly granted appellee summary judgment.

B

**{¶22}** In the case sub judice, the parties dispute the interpretation of appellee's insurance policy, and more specifically, whether appellant falls within the definition of "insured" under the policy's UM provisions.

**{¶23}** "Insurances policies are contracts," *Acuity, A Mut. Ins. Co. v. Progressive Specialty Ins. Co.*, 2023-Ohio-3780, ¶ 11, and the interpretation of a contract is a question of law that appellate courts independently review, *see Sharonville v. Am. Emp. Ins. Co.*, 2006-Ohio-2180, ¶ 6. "In all cases involving contract interpretation, we start with the primary interpretive rule that courts should give effect to the intentions of the parties as expressed in the language of their written agreement." *Sutton Bank v. Progressive Polymers, L.L.C.*, 2020-Ohio-5101, ¶ 15, citing *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 2011-Ohio-2720, ¶ 37; *see Laboy v. Grange Indemn. Ins. Co.*,

2015-Ohio-3308, ¶ 8 ("The fundamental goal when interpreting [a written agreement] is to ascertain the intent of the parties from a reading of the [agreement] in its entirety."). Courts presume that the language used in the contract reflects the parties' intent. *Smith v. Erie Ins. Co.*, 2016-Ohio-7742, ¶ 18; *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 11.

{¶24} Thus, courts first must review the plain and ordinary meaning of the language used in a contract "unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus; *accord Acuity*, 2023-Ohio-3780, at ¶ 11; *Galatis*, 2003-Ohio-5849, at ¶ 11. If the language is clear and unambiguous, "a court may look no further than the writing itself to find the intent of the parties." *Galatis* at ¶ 11. "[A] contract is unambiguous if it can be given a definite legal meaning." *Id.*

{¶25} Generally, a contract is ambiguous if it is "susceptible to more than one reasonable interpretation." *Tera,*

*L.L.C. v. Rice Drilling D, L.L.C.*, 2024-Ohio-1945, ¶ 12. To determine whether a contract is ambiguous, courts must consider the contract "'as a whole,'" and not simply "'detached or isolated parts thereof.'" *Sauer v. Crews*, 2014-Ohio-3655, ¶ 13, quoting *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 172 (1982). "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed." *State v. Porterfield*, 2005-Ohio-3095, ¶ 11, citing *Galatis* at ¶ 11.

**{¶26}** "[T]he initial determination of whether an ambiguity exists presents an abstract legal question, which [appellate courts] review on a de novo basis." *Pierron v. Pierron*, 2008-Ohio-1286, ¶ 8 (4th Dist.), citing *Stewart v. Stewart*, 1992 WL 388546, *2 (4th Dist. Dec. 22, 1992). If ambiguity exists, "then the determination of what the actual terms were becomes a question of fact." *Lake Erie Towing v. Troike*, 2006-Ohio-5115, ¶13 (6th Dist.); *accord Tera,* 2024-Ohio-1945, at ¶ 12 ("whether a contract is ambiguous is a question of law, but the resolution of an ambiguous term in a contract is a question of fact");

*Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984) ("if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term").

**{¶27}** In the case sub judice, we agree with the trial court's conclusion that the relevant provisions of appellee's insurance policy are clear and unambiguous. The "Uninsured Motor Vehicle Coverage" section defines an "insured" as follows:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** who is not insured for uninsured motor vehicle coverage under another vehicle policy while ***occupying***:
    a. ***your car*** . . .

Appellant does not dispute that she does not satisfy the first or second definitions, but instead contends that she is "any other person who is not insured for uninsured motor vehicle coverage under another vehicle policy." Appellant recognizes that she has her own UM policy, but nevertheless contends that she "is not insured for uninsured motor vehicle coverage under

another vehicle policy" because her UM policy limit was less than the amount of her damages.

**{¶28}** The Ohio Supreme Court considered and rejected a similar argument in *Wohl v. Swinney*, 2008-Ohio-2334. In that case, the tortfeasor crashed into a vehicle containing a driver and a passenger. All three parties carried insurance, and both the passenger's and the driver's policies included UM coverage. The tortfeasor's liability insurer paid its policy limit of $500,000 for the driver's and passenger's injuries. The driver and passenger then allocated the funds so that the passenger, who also was the owner of the vehicle, received $499,999, and the driver received $1.

**{¶29}** The driver's policy had UM limits in the amount of $12,500 per person and $25,000 per accident. The passenger's policy had UM limits of $250,000 per person and $500,000 per accident. The driver thus sought UM coverage under the passenger's policy. The passenger's insurer denied the driver's claim based upon its determination that the driver was not an "insured" under its policy.

16

**{¶30}** The insurance policy defined an "insured" for UM coverage to mean:

> 1. You or any family member.
> 2. Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage under another policy.

*Id.* at ¶ 7-9

**{¶31}** Litigation ensued, and the parties filed competing summary judgment motions. The trial court found that R.C. 3937.18, as amended by 2001 Am.Sub.S.B. No. 97 effective October 31, 2001, required the passenger's insurer to provide the driver with UM coverage.

**{¶32}** The insurer appealed and argued that the trial court erred by requiring it to provide the driver with UM coverage when the driver did not satisfy the definition of an "insured" under the UM policy provisions. The Twelfth District Court of Appeals did not agree. *See Wohl v. Swinney*, 2007-Ohio-592 (12th Dist.). The court instead determined that the definition of an "insured" was ambiguous and strictly construed the provision against the insurer.

{¶33} The Twelfth District subsequently granted the insurer's motion to certify a conflict with *Safeco Ins. Co. of Illinois v. Motorists Mut. Ins. Co.*, 2006-Ohio-2063, (8th Dist.). The Ohio Supreme Court recognized the conflict and framed the certified question as "[w]hether the definition of 'insured' as 'any other person occupying your covered auto who is not a named insured or insured family member for uninsured motorist's coverage under another policy' is ambiguous and should be construed against the insurer to provide coverage for a permissive operator of a covered vehicle who is not a named insured or insured family member."

{¶34} The Supreme court concluded that the policy's definition of an "insured" was unambiguous and that the definition did not support the driver's UM claim. The court stated that the driver was "someone else who was occupying the covered auto but who was a named insured for uninsured motorist coverage under another policy (his own)." *Id.* at ¶ 24. The court thus determined that under the plain language of the policy, the driver was not an insured for UM coverage under the

passenger's policy.  *Id.*

**{¶35}** Likewise, in the case at bar, the definition of "insured" contained in appellee's UM policy provision is plain and not open to appellant's interpretation.  The UM policy provision defines an insured to include "any other person who is not insured for uninsured motor vehicle coverage under another vehicle policy while occupying" the named insured's car.  In the case sub judice, appellant is "any other person."  She is not, however, "not insured" for UM coverage under another vehicle policy, i.e., her own.  Instead, her policy included UM coverage and paid her $25,000.  Consequently, appellant is insured for UM coverage under another vehicle policy.  Thus, the plain and unambiguous definition of "insured" in appellee's policy does not include appellant.  Because appellant is not an "insured," appellee has no obligation to provide her with UM coverage.

**{¶36}** Moreover, adopting appellant's interpretation of "insured" would require this Court to read terms into the contract and change the definition an "insured" to include any other person who is insured for UM coverage under another

vehicle policy but whose limits are less than the amount of the person's damages. The rules of contract interpretation do not permit us to change or add language when the contract language is plain and unambiguous, as it is in the case sub judice. *See Ramsey v. State Farm Mut. Auto. Ins. Co.*, 2016-Ohio-5871 (2d Dist.) (construing identical policy definition of "insured" to exclude a person who had UM coverage under another policy); *Johns v. Hopkins*, 8th Dist. Cuyahoga No. 99218, 2013-Ohio-2099, ¶ 21 (refusing to read "insured" "to include an individual who is unable to recover from the UM/UIM portion of his or her own insurance policy," when the policy defined "insured," in relevant part, as "any other person who is not insured for uninsured motor vehicle coverage under another vehicle policy while occupying your car"); *see also West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 2010-Ohio-6311 (1st Dist.); *Watkins v. Grange Mut. Cas. Co.*, 2007-Ohio-4366 (3d Dist.); *Ashcraft v. Grange Mut. Cas. Co.*, 2008-Ohio-1519 (10th Dist.); *see generally Keffer v. Cent. Mut. Ins. Co.*, 2007-Ohio-3984 (4th Dist.) (recognizing validity of UM provisions that limit the definition

of an "insured").

**{¶37}** We also believe that appellant's alternate argument regarding other UM insurance is without merit. The "other insurance" provisions do not mean that appellant is an insured and is entitled to recover excess UM insurance under appellee's policy. Instead, the "other insurance" provisions would allow a person who satisfies the definition of "insured" to recover excess UM insurance; it does not create a separate category of insureds.

**{¶38}** The relevant provisions read as follows:

2. If Other Policies Issued By Us To You or Any Resident Relative Apply

If two or more *motor vehicle* liability policies issued by *us* to *you* or any *resident relative* providing Uninsured Motor Vehicle Coverage apply to the same accident, then the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. . .

3. If Any Other Policies Apply

    a. If the Uninsured Motor Vehicle Coverage provided by this policy and the uninsured motor vehicle coverage provided by any other policy apply to the same *bodily injury*, then this coverage is excess to such other uninsured motor vehicle

coverage, but only in the amount by which it exceeds such other coverage.
b.  If coverage under more than one policy applies as excess, then:
(1) the maximum amount payable may not exceed the difference between the uninsured motor vehicle coverage limit of the policy that applies as primary and the highest applicable uninsured motor vehicle coverage limit of any one of the uninsured motor vehicle coverages that applies as excess; and
(2) **we** are liable only for **our** share. . .

Nothing in the foregoing provisions defines who qualifies as an "insured" for purposes of UM coverage.  *See Engler v. Stafford*, 2007-Ohio-2256, ¶ 59 (6th Dist.) ("other insurance" clause "applies only to those who are insured" under the policy).

**{¶39}** Moreover, we do not agree with appellant that failing to read the excess clause as she proposes would render excess UM coverage "illusory . . . and a sham."  Appellant asserts that because Clayton bargained for excess UM insurance, she is entitled to it.  Even if appellant is correct that appellee's policy allows excess coverage, the provisions do not change the meaning of an "insured" for purposes of UM/UIM coverage.

**{¶40}** Contrary to appellant's argument, nothing in paragraph

3.a. indicates that it does not apply to the named insured or resident relatives. She apparently reaches that conclusion by noting that paragraph 2 applies to the named insured or resident relatives. Paragraph 2 further states, however, that it applies if appellee had issued other policies to the named insured or resident relatives. Paragraph 2 thus would apply if appellee had issued multiple policies with UM coverage to Clayton or a resident relative. If appellee had not issued other policies to the named insured or resident relatives, then paragraph 2 would not apply; instead, paragraph 3.a. may apply.

**{¶41}** Paragraph 3.a. governs if any other UM coverage applies, and that paragraph presumes that UM coverage under the policy exists (i.e., "[i]f the Uninsured Motor Vehicle Coverage provided by this policy . . . appl[ies] . . ."). Nothing in this paragraph suggests that it does not apply to the named insured or resident relatives. Furthermore, nothing in the "other insurance" provisions changes the definition of an "insured" for purposes of UM coverage or conflicts in any manner with the definition of an "insured."

**{¶42}** Appellant additionally asserts that R.C. 3937.18(C) establishes that she is an "insured" under appellee's policy. R.C. 3937.18(C) reads as follows:

> If underinsured motorist coverage is included in a policy of insurance, the underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the underinsured motorist coverage. Underinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages, and shall only provide the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable to the insured were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
> For purposes of underinsured motorist coverage, an "underinsured motorist" does not include the owner or operator of a motor vehicle that has applicable liability coverage in the policy under which the underinsured motorist coverage is provided.

**{¶43}** Contrary to appellant's argument, nothing in this provision defines whether a person is an "insured" under a UM policy. Furthermore, we agree with the court's analysis of this

same issue in *Johns v. Hopkins*, 2013-Ohio-2099, at ¶ 34 (8th

Dist.):

> In *Holliman[ v. Allstate Ins. Co.]*, 86 Ohio St.3d
> 414, 416-417, 1999-Ohio-116, 715 N.E.2d 532, the Ohio
> Supreme Court noted that "[n]othing in R.C. 3937.18 . .
> . prohibits the parties to an insurance contract from
> defining who is an insured under the policy." In fact,
> R.C. 3937.18(C) does not expand, or even touch upon,
> whether an individual person qualifies as "an insured"
> under an insurance policy. R.C. 3937.18(C) is solely
> directed to the issue of the limits of coverage available
> under the UM/UIM provisions in a policy.

{¶44} Consequently, we do not agree with appellant that the

trial court erred by entering summary judgment in appellee's

favor.

{¶45} Accordingly, based upon the foregoing reasons, we

overrule appellant's sole assignment of error and affirm the

trial court's judgment.

JUDGMENT AFFIRMED.

ROSS, 24CA13

25

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellants the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

        Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.